**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE COGNIZANT/TRIZETTO DATA BREACH LITIGATION** | **MDL NO.** |

**MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER AND
CENTRALIZATION OF RELATED ACTIONS TO THE DISTRICT OF NEW JERSEY
PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiff-Movants Gayle Burge, Ana Lamaire, Natanya Pope, and Norberto Claudio ("Plaintiff-Movants"), by and through their undersigned counsel, respectfully submit this Memorandum in Support of their Motion for Transfer and Centralization of Related Actions. The undersigned respectfully move that all Related Actions be transferred to the District of New Jersey, where U.S. District Judge Madeline Cox Arleo is presiding over the first-filed action.

As detailed below, compelling logistical reasons justify transfer to the District of New Jersey. Further, Defendant Cognizant Technology Solutions Corporation ("Cognizant"), which wholly owns Co-Defendant TriZetto Provider Solutions, LLC ("TriZetto"), is headquartered in New Jersey, so that key witnesses and documents are likely to be found there. Further, the District of New Jersey has substantial experience both overseeing multidistrict litigation proceedings and addressing the factual and legal issues unique to data breach litigation. Last, as a major air hub and international business destination located near New York City, travel to and from the District of New Jersey is easily accomplished and convenient for most of the parties, witnesses and counsel. Indeed, there are more currently pending actions arising out Defendants' data breach filed in the District of New Jersey than any other federal district.

## I.    INTRODUCTION AND BACKGROUND

There are twenty-three (23) currently pending actions across four federal judicial district courts (hereinafter, the "Related Actions") throughout the nation against either or both Cognizant and TriZetto—in addition to additional entities—arising out of the same data breach. All of these cases assert similar claims arising from a common nucleus of operative facts.[1]

Defendants developed, marketed, and profited from "Cognizant's TriZetto healthcare products, which include cloud-based software, including billing and revenue management software, for medical services providers throughout the United States.[2] Defendants' software is presently utilized by over 800,000 healthcare facilities across the nation, and collects, stores, and manages personally-identifiable-information ("PII"), private-health-information ("PHI"), and financial information (collectively, "Private Information") of over 200 million individuals. In an October 2, 2025 data breach, cybercriminals successfully infiltrated Cognizant's TriZetto software systems and stole private, personally identifying information and protected health information belonging to over 3.4 million patients of medical practices that use Defendants' software (the "Data Breach").

On March 10, 2026, the Related Actions pending in the District of New Jersey were consolidated into the first-filed action under the caption *In re Cognizant/TriZetto Data Security Incident*, Case No. 25-cv-18969. *See Burge, et al. v. Cognizant Technology Solutions Corp., et al.*, No. 2:25-cv-18908, ECF No. 7 (D.N.J. Mar. 10, 2026). The Consolidation Order set a deadline for the parties to propose deadlines for, *inter alia*, the filing of motions to appoint interim leadership

---

[1] There are likely to be additional actions filed against entities arising out of the same data breach, but which do not name either Cognizant or TriZetto as a named defendant.

[2] *TriZetto Healthcare Administration Solutions*, COGNIZANT, available at: https://www.cognizant.com/us/en/industries/healthcare-technology-solutions/trizetto (last visited Mar. 17, 2026).

pursuant to Rule 23(g), the filing of a consolidated complaint, and Defendants' response(s) thereto. *Id.*

## II.    ARGUMENT

### A.    Transfer of the Actions for Consolidation and Coordination is Appropriate Under 28 U.S.C. § 1407.

The Panel should transfer and consolidate these cases in a single district because: (1) the Related Actions involve numerous common questions of fact and law; and (2) consolidation will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of this litigation. *See* 28 U.S.C. §1407. The purpose of the multidistrict litigation process is to "eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary." *See In re Folgers Coffee Mktg. & Sales Practices Litig.*, MDL No. 2984, 532 F. Supp. 3d 1416, 1417 (J.P.M.L. Apr. 1, 2021) (consolidating five putative class actions alleging defendant engaged in deceptive advertising and marketing practices with respect to labeling of coffee products).

The Related Actions share common questions of law and fact, which include but are not limited to:

- Whether Defendants' data security systems prior to the data breach met the requirements of the applicable laws;

- Whether Defendants' data security systems prior to the data breach met industry standards;

- Whether Plaintiff' and other Class members' private personally identifiable information and/or protected health information was compromised as a result of the data breach;

- The appropriate measure of damages sustained by Plaintiffs and Class members.

3

These common questions evidence that centralization of the Related Actions into a single coordinated action in a single judicial district is warranted. Indeed, this Panel frequently transfers and centralizes cases involving data security breaches. *See In re MOVEit Customer Data Sec. Breach Litig.*, 699 F. Supp. 3d 1402 (U.S. Jud. Pan. Mult. Lit. 2023) (consolidating 101 separate actions across 22 districts arising from a single data breach); *In re T-Mobile 2022 Customer Data Security Breach Litig.*, 2023 WL 3829244 (J.P.M.L. 2023) (consolidating eleven actions across eight districts arising from a data security incident at T-Mobile); *In re KeyBank Customer Data Security Breach Litig.*, 2023 WL 1811824 (J.P.M.L. 2023) (consolidating ten actions across at least three districts arising from a data security incident at Key Bank); *In re Samsung Customer Data Security Breach Litigation*, 2023 WL 1811247 (J.P.M.L. 2023) (consolidating nine actions across four districts arising from a data security incident); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. MDL 2994, 544 F. Supp. 3d 1371, at *1 (J.P.M.L. 2021) (consolidation appropriate where actions "share factual issues relating to a June 2020 incident in which Mednax's e-mail system was breached, potentially compromising the personally identifiable and health-related information of nearly two million individuals."); *In re Blackbaud, Inc., Customer Data Sec. Breach Litig.*, 509 F. Supp. 3d 1362, 1363 (J.P.M.L. 2020) ("These putative class actions present common factual questions concerning an alleged ransomware attack and data security breach of Blackbaud's systems from about February 2020 through May 2020 that allegedly compromised the personal information of millions of consumers doing business with entities served by Blackbaud's cloud software and services.").

Here, each of the twenty-three Related Actions pending in four federal districts arises from Defendants' security practices involving Defendants' software, and the same data breach incident. Each complaint alleges that Defendants' practices violate common law and/or state data privacy

laws. Thus, coordinated or consolidated pretrial proceedings through a multidistrict litigation is the most efficient and effective way to handle these cases.

### B. The District of New Jersey is the Most Appropriate Transferee Forum

The selection of an appropriate transferee forum depends greatly on the specific facts and circumstances of the litigation being considered for consolidation. The decision involves a "balancing test based on the nuances of a particular litigation" that considers several factors. *See* Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214 (1977).

Here, the District of New Jersey is the most appropriate venue for these Related Actions because: (1) New Jersey is the headquarters of Defendant Cognizant, which wholly owns the other primary Defendant, and whose documents and witnesses will be critical to the litigation; (2) more Related Actions were filed in District of New Jersey than any other district; (3) the District of New Jersey is convenient for the parties; and (4) the District of New Jersey has the resources and the subject matter experience that this litigation will require.

#### 1. Cognizant, the Key Defendant, is Located in the District of New Jersey

In proposed MDLs centered on data breaches, the venue where key documents and witnesses are present is a critical factor in deciding where to transfer related actions. *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1359 (J.P.M.L. 2016) (selecting District of Jersey because principal defendant was headquartered there). Here, the key documents and witnesses are in New Jersey, where Cognizant, the primary defendant is headquartered. While TriZetto is located in Missouri, following Cognizant's acquisition of TriZetto in 2014, and the two Defendants operate as a single entity under one corporate structure. For example, after Cognizant acquired TriZetto, TriZetto's

executives were named as the heads of the "TriZetto business unit within Cognizant's healthcare practice."[3] As such, the decision-making concerning Cognizant's TriZetto software occurred in New Jersey, and the key documents and witnesses with knowledge of both the software and Data Beach are located in New Jersey. Therefore, transfer of the Related Actions to the District of New Jersey is proper. *In re Samsung Customer Data Security Breach Litigation*; 2023 WL 1811247 at *2 (transferring related actions to the District of New Jersey because "Defendant has its headquarters in New Jersey, where common witnesses and other evidence likely will be found."); *see also*, *In re Blackbaud, Inc., Customer Data Security Breach Litigation*, 509 F.Supp.3d 1362, 1364 (J.P.M.L. 2020) ("Blackbaud has its headquarters in South Carolina. Thus, common witnesses and other evidence likely will be located in this district.").

### 2. The Greatest Number of Related Actions are Pending in the District of New Jersey.

A second factor that the Panel frequently looks at is where most of the actions were filed. *See, e.g., In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, 787 F. Supp. 2d 1355, 1357 (J.P.M.L. 2011) (selecting the District of New Jersey, citing "the number of cases pending there"). Here, the actions arising out of the data breach naming Cognizant and/or TriZetto as a named defendant are pending four District Courts: the District of New Jersey, the Northern District of California, the Eastern District of California, and the Eastern District of Missouri. Out of the four districts, most of the currently pending Related Actions were filed in the District of New Jersey, which favors transfer to New Jersey. *See In re MOVEit Customer Data Sec. Breach Litig.*,

---

[3] *See Cognizant Completes Acquisition of TriZetto, Creating a Fully-Integrated Healthcare Technology and Operations Leader*, COGNIZANT (Nov. 20, 2014), https://news.cognizant.com/2014-11-20-Cognizant-Completes-Acquisition-of-TriZetto-Creating-a-Fully-Integrated-Healthcare-Technology-and-Operations-Leader (noting that Jude Dieterman was the President and COO of TriZetto prior to the acquisition, and became the "Chief Executive for the TriZetto business unit within Cognizant's healthcare practice" following the acquisition).

699 F. Supp. 3d at 1407 ("We are persuaded that the District of Massachusetts is the appropriate transferee district for these cases. More cases are pending in this district than in any other district . . . ."). The choice of venue is an important decision that reflects the judgment of counsel, particularly regarding the likely location of evidence and critical witnesses as well as the ability of a court to enforce any judgments.

Additionally, the Related Actions in the District of New Jersey have advanced further than the actions pending in any other District. On March 10, 2026, the Related Actions in the District of New Jersey were consolidated pursuant to Federal Rule of Civil Procedure 42. *See Burge, et al. v. Cognizant Technology Solutions Corp., et al.*, No. 2:25-cv-18908, ECF No. 7 (D.N.J. Mar. 10, 2026). The Consolidation Order set a deadline for the parties to propose deadlines for, *inter alia*, the filing of motions to appoint interim leadership pursuant to Rule 23(g), the filing of a consolidated complaint, and Defendants' response(s) thereto. *Id.* In contrast, no answer, consolidation order or case management order has been entered in any of the Related Actions in any of the actions pending outside the District of New Jersey.

### 3. The District of New Jersey is the Most Suitable and Convenient Forum for the Related Actions.

The Panel also often considers the convenience of the parties, their counsel, and potential witnesses in determining the appropriate transferee forum. *See Johnson & Johnson*, 220 F. Supp. 3d at 1359 (transferring actions to District of New Jersey because the district "is a convenient and accessible forum for this nationwide litigation"). The fact that most of the attorneys who filed the Related Actions elected to file in the District of New Jersey supports transfer and centralization of the Related Actions there. The District of New Jersey is located near the enormous travel hubs of Newark and New York City, and readily accessible at any hour of day and time of year by all

modes of transportation, including air travel, with four national airports located within less than thirty miles from one another.

    **4.**    **The District of New Jersey and Judge Madeline Arleo Have the Resources and Experience to Oversee the Related Actions.**

The District of New Jersey has the resources and experience necessary to oversee the efficient adjudication of the Related Actions. The District of New Jersey has a depth of experience handling data breach litigation. *See, e.g.*, *In re Samsung Data Security Breach Litig.*, No. MDL 3055, 655 F. Supp. 3d 1368, 1369 (J.P.M.L. 2023) (transferring a data breach action to the District of New Jersey); *In re American Medical Collection Agency, Inc., Customer Data Security Breach Litigation*, MDL No. 2904, 410 F. Supp. 3d 1350, 1354 (J.P.M.L. 2019) (same); *In re U.S. Vision Data Breach Litigation*, No. 1:22-cv-06558, 732 F. Supp. 3d 369 (D.N.J. 2024); *FTC v. Wyndham Worldwide Corp.*, No. 13-cv-1887, 2014 WL 2812049 (D.N.J. June 23, 2014); *In re Horizon Healthcare Services Inc. Data Breach Litig.*, 2:13-cv-07418 (D.N.J.); *Reilly v. Ceridien Corp.*, No. 10-cv-5142, 2011 WL 735512 (D.N.J. Feb. 22, 2011).

Judge Arleo is a highly experienced judge who has effectively and efficiently overseen numerous complex matters having served as a district court judge in the District of New Jersey since November 2014, and having served as a magistrate judge in the District for the preceding 14 years. Judge Arleo is intimately familiar with MDL proceedings generally, having served on the Judicial Panel on Multidistrict Litigation since October 16, 2021,[4] in addition to having overseen MDL proceedings in the District of new Jersey. In July 2019, the Panel transferred a data breach MDL to the District of New Jersey, and to Judge Arleo in particular, noting that Judge Arleo "is an experienced transferee judge with the ability and willingness to manage litigation efficiently. We

---

[4] *Panel Judges*, JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, available at: https://www.jpml.uscourts.gov/content/panel-judges (last visited Mar. 17, 2026).

are confident she will steer this matter on a prudent course." *In re American Medical Collection Agency, Inc., Customer Data Security Breach Litigation*, MDL No. 2904, 410 F. Supp. 3d 1350, 1354 (J.P.M.L. 2019). Judge Arleo and other judges in the District of New Jersey have done just that, having preliminary or finally approving multiple settlements following a detailed decisions on multiple motions to dismissed—demonstrating that the District of New Jersey and Judge Madeline Arleo have the experience and resources necessary to oversee the Related Action.

In addition to her experience with directly managing data breach MDL proceedings, Judge Arleo is has maintained responsibility over numerous complex class actions, including in the past three years: *Knight v. Meta Platforms, Inc.*, No. 2:23-cv-13347 (D.N.J., filed Aug. 30, 2023); *In re AT&T Securities Litigation*, No. 2:23-cv-04064 (D.N.J., filed July 28, 2023); *Clermont v. National Tenant Network, Inc.*, No. 2:23-cv-03545 (D.N.J., filed June 30, 2023); *Gomez v. Home Service Network, Inc.*, No. 2:25-cv-16093 (D.N.J., filed Sept. 29, 2025). Over the past two years, Judge Arleo has also maintained responsibility for numerous data breach class actions. *See, e.g., Walls v. Center Lab NJ, LLC*, No. 2:25-cv-18774 (D N.J., filed Dec. 18, 2025); *Horn v. Siparadigm, LLC*, No. 2:24-cv-09459 (D.N.J., filed Sept. 25, 2024). Further, while there are multiple MDLs pending in the District of New Jersey, Judge Arleo, to whom the first-filed case in the District of New Jersey was assigned, is not currently overseeing any MDL action.

## III.    CONCLUSION

For the reasons set forth herein, the undersigned respectfully request that this Panel transfer the Related Actions listed in the attached Schedule of Actions, as well as all subsequently filed related action arising out of the breach of Cognizant's TriZetto software, to the District of New Jersey for coordinated and consolidated pretrial proceedings.

Dated: March 17, 2026

Respectfully submitted,

*/s/ Nickolas J. Hagman*
Nickolas J. Hagman
Bryan L. Clobes
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
bclobes@caffertyclobes.com
nhagman@caffertyclobes.com

*Counsel for Plaintiff-Movants Gayle Burge, Ana Lamaire, Natanya Pope, and Norberto Claudio*

10