BEFORE THE UNITED STATES JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE COGNIZANT/TRIZETTO DATA BREACH LITIGATION | MDL NO. 3185 |

**DEFENDANT ST. ANTHONY'S PHYSICIAN ORGANIZATION HOSPITALIST SERVICES L.C.'S RESPONSE IN OPPOSITION TO PLAINTIFF-MOVANTS' MOTION <u>FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407</u>**

Defendant St. Anthony's Physician Organization Hospitalist Services L.C. d/b/a Mercy Clinic South Hospitalists ("St. Anthony's"), submits this response in opposition to Plaintiffs' Motion for Transfer and Centralization of Actions Pursuant to 28 U.S.C. § 1407 for Consolidation of Pretrial Proceedings (the "MDL Motion"). St. Anthony's respectfully requests that the Judicial Panel on Multi-District Litigation ("Panel") deny the MDL Motion.

### INTRODUCTION

Plaintiffs' MDL Motion seeks to transfer approximately 23 actions[1] pending in four different district courts: thirteen in the District Court of New Jersey; eight in the Eastern District Court of Missouri; one in the Northern District of California; and one in the Eastern District of California, in addition to any related actions. *See* Schedule of Actions (J.P.M.L. M.D.L. 3185 Dkt. No. 1, Attachment 2) and Notice of Related Actions (J.P.M.L. M.D.L. 3185 Dkt No. 17 Attachment 1).

---

[1] The number of total actions filed has changed several times in the last few weeks. New actions have been filed and at least one action has been dismissed.

## ARGUMENT

Pursuant to 28 U.S.C. § 1407(a), the Panel may transfer and centralize actions if it determines that: (1) "one or more common questions of fact are pending in different districts"; (2) transfer is necessary to serve "the convenience of the parties and witnesses"; and (3) transfer "will promote the just and efficient conduct of such actions." *See In re: Pub. Records Collection Fair Credit Reporting Act (FCRA) Litig.*, 641 F. Supp. 2d 1382, 1382-83 (J.P.M.L. 2009).

In this case, transfer is not convenient to the parties and witnesses and will not promote the just and efficient conduct of actions. St. Anthony's is a Missouri-based entity with no ties to New Jersey. St. Anthony's does not conduct business in New Jersey, has few if any patients that reside in New Jersey, and all the actions alleged in the complaint occurred in Missouri. Further seven of the eight cases filed in the Eastern District of Missouri have already been consolidated for efficiency; transferring such cases now to the District Court of New Jersey would negate that efficiency and subject the parties to litigate in an inappropriate forum. *See In re TriZetto Provider Solutions Data Security Breach Litigation*, (Case No. 4:25-cv-01861, Dkt. No. 25, E.D. Mo., filed Mar. 25, 2026). Moreover, St. Anthony's is a defendant in only one of the eight cases filed in the Eastern District of Missouri. It would cost St. Anthony's significant time and resources to litigate in the District Court of New Jersey when the Eastern District of Missouri cases have already been consolidated in an appropriate forum; such transfer therefore is neither convenient nor efficient.

## CONCLUSION

For the foregoing reasons, St. Anthony's respectfully requests that this Panel deny the Motion for Transfer and Centralization of Actions Pursuant to 28 U.S.C. § 1407 for Consolidation of Pretrial Proceedings.

_/s/ Shane A. Chapman_
Shane A. Chapman Mo. Bar.  # 67106
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939 – Telephone
(314) 621-6844 – Facsimile
schapman@lashlybaer.com
hdierks@lashlybaer.com
_Attorneys for Defendant_

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically and served upon all parties on April 8, 2026, via the Judicial Panel on Multidistrict Litigation's electronic filing system.

_/s/ Shane A. Chapman_