**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION AND TRIZETTO PROVIDER SOLUTIONS, LLC, DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 3185 |

**INTERESTED PARTIES THEREASA ILENE HARRIS VAUGHN'S AND MARION BARNETT'S RESPONSE IN SUPPORT OF PLAINTIFF-MOVANTS' MOTION FOR TRANSFER AND CENTRALIZATION OF RELATED ACTIONS TO THE <u>DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1407</u>**

Plaintiffs Marion Barnett and Thereasa Ilene Harris Vaughn, interested parties in related actions arising from the Cognizant/TriZetto data breach, respectfully submit this response in support of Plaintiff-Movants' Motion for Transfer and Centralization of Related Actions to the District of New Jersey pursuant to 28 U.S.C. § 1407.

**I.    INTRODUCTION**

The related actions arise from a single October 2, 2025 cyberattack on Cognizant Technology Solutions Corporation's ("Cognizant") and Trizetto Provider Solutions, LLC's ("Trizetto") (together, "Defendants") healthcare software systems that compromised the personally identifiable information ("PII") and protected health information ("PHI") of millions of individuals nationwide (the "Data Breach"). These actions are currently pending in four federal districts and assert overlapping class claims based on a common nucleus of operative facts.

Interested parties Barnett and Vaughn support centralization of all related federal actions under 28 U.S.C. § 1407; and support designation of the District of New Jersey as the transferee forum, before the Honorable Madeline Cox Arleo, as requested by Movants (or any District of New Jersey judge). Centralization in New Jersey will best promote the convenience of parties and witnesses, avoid duplicative litigation and inconsistent rulings, and advance the just and efficient conduct of these proceedings.

## II.   CENTRALIZATION UNDER 28 U.S.C. § 1407 IS WARRANTED

### A.   The Actions Share Extensive Common Questions of Fact

All related actions arise from the same event: cybercriminals' infiltration of Cognizant/TriZetto's cloud-based healthcare software, used by over 800,000 healthcare facilities to store and manage the Private Information of over 200 million individuals. The Data Breach purportedly resulted in the wrongful access and exfiltration of Private Information for approximately 3.4 million patients of medical practices utilizing Defendants' systems.

Across the actions, common factual questions include, among others:

- The nature, scope, timing, and cause of the Data Breach;

- Defendants' data security architecture, policies, and practices before the Breach;

- Defendants' knowledge of vulnerabilities in the TriZetto systems and any prior security warnings;

- The steps Defendants took (or failed to take) to prevent, detect, contain, and remediate the breach;

- The categories and volume of PII/PHI compromised;

- The adequacy and timeliness of Data Breach notifications to affected entities and individuals; and

- The nature and extent of harm and risk of future harm suffered by patients and providers.

Movants' memorandum correctly notes that these actions assert similar claims arising from a common nucleus of operative facts, including overlapping nationwide and state classes. As the Panel has recognized in multiple recent data breach MDLs, actions arising from a single cybersecurity incident involving uniform software or systems present a paradigmatic case for

2

centralization. *See, e.g.*, *In re PowerSch. Holdings, Inc. & PowerSch. Grp., LLC Customer Data Sec. Breach Litig.*, 780 F. Supp. 3d 1352, 1355 (J.P.M.L. 2025) (transferring and consolidating 55 related data breach class actions, initially filed in nine different districts); *In re AT&T Inc. Cellular Customer Data Sec. Breach Litig.*, 753 F. Supp. 3d 1368, 1373 (J.P.M.L. 2024) (transferring and consolidating 45 related data breach class actions, initially filed in eight different districts, with an additional 34 tag along actions); *In re Fortra File Transfer Software Data Sec. Breach Litig.*, 717 F. Supp. 3d 1378, 1380  (J.P.M.L. 2024) (transferring and consolidating 46 related data breach class actions initially filed in seven districts); *In re Perry Johnson & Assocs. Med. Transcription Data Sec. Breach Litig.*, 717 F. Supp. 3d 1357, 1360 (J.P.M.L. 2024) (transferring and consolidating 40 related data breach class actions initially filed in nine districts).

B.      **Centralization Will Promote Efficiency and Prevent Inconsistent Rulings**

Without centralization, the parties and courts will confront duplicative discovery regarding Defendants' systems, cybersecurity practices, and incident response; repetitive motion practice on overlapping issues such as standing, causation, and damages theories; and a substantial risk of inconsistent pretrial rulings, particularly on class certification, *Daubert* challenges, and dispositive motions.

Movants emphasize that there are at least twenty-three related actions already pending, with additional filings anticipated (including the interested parties here), making "informal coordination" impractical. That concern is especially acute in data breach litigation, where multiple overlapping state subclasses and nationwide classes are asserted and different courts may apply differing approaches to standing and injury in privacy matters. Moreover, discovery from a common set of corporate and technical witnesses would otherwise proceed in parallel.

3

Consistent with how the Panel has treated other large-scale data breach litigations involving a single compromised platform or vendor, centralization here would streamline common discovery relating to Defendants' systems and security practices; permit coordinated resolution of cross-cutting legal issues; and facilitate orderly management of overlapping class claims and any settlement discussions.

## III.    THE DISTRICT OF NEW JERSEY IS THE MOST APPROPRIATE TRANSFEREE DISTRICT

The District of New Jersey satisfies each of the principal criteria the Panel typically considers in selecting a transferee forum.

### A.    New Jersey Is the Operational and Evidentiary Center of Gravity

Cognizant—the parent of TriZetto—is headquartered in New Jersey and cybersecurity operations are directed from that New Jersey location. Cognizant's SEC filings list Teaneck, New Jersey as the principal executive offices establishing the corporate "nerve center" for venue purposes.[1] Cognizant's Annual report 2025 under the "Governance" section explicitly states that "Management is responsible for identifying, considering and assessing material cybersecurity risks on an ongoing basis, establishing processes designed to ensure that such potential cybersecurity risk exposures are monitored, putting in place appropriate mitigation measures and maintaining cybersecurity programs."[2] Cognizant's official press materials concerning TriZetto are datelined

---

[1] U.S. Securities and Exchange Commission, Cognizant Technology Solutions Corp., Form 10-K for FY 2025 (principal executive offices: Teaneck, NJ), https://www.sec.gov/Archives/edgar/data/1058290/000105829026000008/ctsh-20251231.htm.

[2] U.S. Securities and Exchange Commission, Cognizant Technology Solutions Corp., Form 10-Q (quarter ended June 30, 2025), https://www.sec.gov/Archives/edgar/data/1058290/000105829025000267/ctsh-20250630.htm.

"Teaneck, N.J.," further reflecting New Jersey-based headquarter control over outward-facing program decisions and messaging.[3]

Thus, as Movants' memorandum explains and these additional citations reveal, key witnesses and documents are likely to be found there. In particular, the following categories of evidence and witnesses are likely concentrated in or readily accessible from New Jersey:

- Corporate information security and IT leadership responsible for governance over the TriZetto business unit;

- Personnel with responsibility for incident response, breach investigation, and regulatory reporting;

- Centralized policies, procedures, and internal communications concerning security of TriZetto products; and

- Documents relating to the acquisition and integration of TriZetto into Cognizant's healthcare practice, including technical and operational controls.

The Panel has repeatedly weighed headquarters location and probable locus of key evidence in favor of selecting such a district as the transferee forum in data breach MDLs. *See, e.g.*, *AT&T*, 753 F. Supp. 3d at 1373 (finding transfer appropriate to district where, *inter alia*, "Snowflake . . . has its principal executive office"); *In re MOVEit Customer Data Sec. Breach Litig.*, 699 F. Supp. 3d 1402, 1407 (J.P.M.L. 2023) (finding transfer to the District of Massachusetts appropriate where "the owner of the MOVEit file transfer software, Progress Software Corp., is headquartered in Burlington, Massachusetts"); *In re Change Healthcare, Inc., Customer Data Sec. Breach Litig.*, 737 F. Supp. 3d 1367, 1369 (J.P.M.L. 2024) ("Defendant

---

[3] *E.g.*, Cognizant Newsroom – 'Cognizant Debuts TriZetto® AI Gateway…' (TEANECK, N.J., Aug. 6, 2025), https://news.cognizant.com/2025-08-06-Cognizant-Debuts-TriZetto-R-AI-Gateway-to-Power-the-Next-Generation-of-AI-in-Healthcare.

UnitedHealth Group Inc.—the corporate parent of Change Healthcare Inc.—as well as defendants UnitedHealthcare, Inc., and Optum, Inc., are headquartered in Minnesota" and "much of the relevant evidence will be found there.").

**B.      The Largest Number of Related Actions Are Already Pending in New Jersey**

Actions arising from the Data Breach naming Cognizant and/or TriZetto are pending in four districts: (1) the District of New Jersey; (2) the Northern District of California; (3) the Eastern District of California; and (4) the Eastern District of Missouri. More related actions are pending in the District of New Jersey than in any other district (15 cases filed in the District of New Jersey, 9 cases filed in the Eastern District of Missouri, and 2 cases filed in the Northern District of California). The Panel regularly considers the number of cases filed in a given district; and whether any consolidated proceedings are already located there, in determining the appropriate transferee forum. *See, e.g.*, *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, 787 F. Supp. 2d 1355, 1357 (J.P.M.L. 2011) (selecting the District of New Jersey, citing "the number of cases pending there"); *see also MOVEit*, 699 F. Supp. 3d at 1407 ("We are persuaded that the District of Massachusetts is the appropriate transferee district for these cases. More cases are pending in this district than in any other district . . . .").

On March 10, 2026, the related New Jersey actions were consolidated under the caption *In re Cognizant/TriZetto Data Security Incident*, No. 25-cv-18908 (D.N.J.), ECF No. 8. A consolidation motion is pending in Eastern District of Missouri and no other jurisdictions have advanced. This existing organization in the District of New Jersey provides a strong foundation for efficient MDL management, minimizing disruption and taking advantage of work already done.

6

### C.    The District of New Jersey Has Demonstrated MDL Expertise

Movants detail the District of New Jersey's substantial MDL experience, including complex, nationwide class actions. They further note that Judge Madeline Cox Arleo—who presides over the first-filed New Jersey action—has presided over several data breach class actions, such as: *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1354 (J.P.M.L. 2019); *Walls v. Center Lab NJ, LLC*, No. 2:25-cv-18774 (D.N.J.); and *Horn v. Siparadigm, LLC*, No. 2:24-cv-09459 (D.N.J.).

This history shows that the court is familiar with data privacy, cybersecurity, and healthcare-related claims; and Judge Arleo has recent, practical experience managing MDL class actions arising from data security incidents, including handling issues like standing, damages, and remedial relief. The District of New Jersey's and Judge Arleo's prior experience with technology, consumer, and data breach disputes as a key institutional advantage further supporting transfer there.

### D.    New Jersey Is a Convenient, Accessible Forum for Parties and Counsel Nationwide

The District of New Jersey is a major air-travel hub and international business destination; located immediately adjacent to New York City, with extensive transportation infrastructure and equipped with ample hotel and conference facilities near the courthouses.

As recognized in other MDLs, here the Newark/New York metropolitan area offers multiple daily flights from major U.S. cities where parties and counsel are located and reasonable travel burdens for both East-Coast and non-East-Coast litigants. As the panel observed in *Enron*, "a litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well-developed support system for legal services." *See In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*,

196 F. Supp. 2d 1375, 1376-77 (J.P.M.L. 2002). *See also In re Power Morcellator Prods. Liab. Litig.*, 140 F. Supp. 3d 1351, 1354 (J.P.M.L. 2015) (transferring to and centralizing cases in a district "easily accessible for all parties"). When combined with the presence of Cognizant's headquarters and the concentration of related actions, the convenience factor also strongly favors New Jersey.

## IV.    EXISTING NEW JERSEY PROCEEDINGS PROVIDE A READY PLATFORM FOR EFFICIENT MDL MANAGEMENT

The Panel often gives weight to whether a proposed transferee court has already taken steps to organize related litigation. Here, Judge Arleo has consolidated multiple Cognizant/TriZetto Data Breach actions under Rule 42 and set a schedule for additional proceedings. This framework aligns closely with how other data breach MDLs have been structured and will allow rapid commencement of coordinated discovery; early resolution of common pretrial issues; and efficient integration of tag-along actions that are likely to be filed as the scope of the Data Breach becomes more widely known. Building on this existing infrastructure in New Jersey is preferable to initiating MDL coordination in a district with fewer related actions and less organizational work already completed.

## V.    CONCLUSION

For all of these reasons, and consistent with the Panel's approach in other major data breach and technology-related MDLs, this Interested Parties respectfully submits that: (1) Centralization of the Cognizant/TriZetto Data Breach actions under 28 U.S.C. § 1407 is necessary and appropriate to promote the convenience of the parties and witnesses and to further the just and efficient conduct of this litigation; and (2) The District of New Jersey, with Judge Madeline Cox Arleo presiding, is the most suitable and logical transferee forum.

Dated: <u>April 8, 2026</u>                                    Respectfully submitted,


<u>*/s/ James J. Pizzirusso*</u>
James J. Pizzirusso
HAUSFELD LLP
1200 17th Street, NW, Suite 600
Washington, DC 20036
Tel: (202) 540-7200
Fax: (202) 540-7201
jpizzirusso@hausfeld.com

*Attorney for Plaintiff Marion Barnett*
(*Barnett v. Cognizant Technology Solutions Corporation, et al.*, 2:26-cv-03525 (DNJ))

James E. Cecchi
CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Fax: (973) 994-1744
jcecchi@carellabyrne.com

*Attorney for Plaintiff Thereasa Ilene Harris Vaughn*
(*Vaughn v. Cognizant Technology Solutions Corporation, et al.*, 2:26-cv-02881 (DNJ))

9