**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| *IN RE: COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION AND TRIZETTO PROVIDER SOLUTIONS, LLC, DATA SECURITY BREACH LITIGATION* | MDL No. 3185<br><br>Individual Case Caption:<br>    *Stone, et al. v. TriZetto Provider Solutions, LLC*, No. 4:26-cv-00308 (E.D. Mo.) |

**RESPONSE IN PARTIAL OPPOSITION TO**
**MOTION FOR TRANSFER AND CENTRALIZATION**

**I.    INTRODUCTION**

Plaintiffs Susan Stone and Ernest Easter ("Stone Plaintiffs"), Plaintiffs in *Stone v. TriZetto Provider Solutions, LLC*, Case No. 4:26-cv-00308 (E.D. Mo.), submit this response in partial opposition to Plaintiffs Gayle Burge, Ana Lumiere, Natanya Pope, and Norberto Claudio's ("Plaintiff-Movants") Motion for Transfer and Centralization of Related Actions to the District of New Jersey Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings ("Transfer Motion") (ECF No. 1). While Stone Plaintiffs do not oppose centralization of these actions, Stone Plaintiffs believe that the Eastern District of Missouri is the best district for centralization.

**II.    BACKGROUND**

This litigation involves a data breach impacting TriZetto Provider Solutions, LLC's ("TriZetto") web portal which occurred on or about October 2, 2025 (the "Data Breach"). TriZetto, a company headquartered in Jefferson City, Missouri, was purchased by Cognizant Technology Solutions Corporation ("Cognizant") in 2014.[1] TriZetto's notification to consumers regarding the

---

[1] *Cognizant to Acquire TriZetto, Creating a Fully-Integrated Healthcare Technology and Operations Leader*, Cognizant (Sept. 15, 2014), https://news.cognizant.com/2014-09-15-

data breach does not mention Cognizant except in its logo (which states "a cognizant company").[2] The Data Breach affected personally identifiable information ("PII") and personal health information ("PHI") of patients of various healthcare providers.[3] TriZetto obtained the PII/PHI from healthcare providers for billing services.[4] The cases that are the subject of the Transfer Motion and those noticed as related after the filing of the Transfer Motion (together, the "Related Actions") name TriZetto alone or some combination of TriZetto, Cognizant, and individual healthcare providers who provided the PII/PHI to TriZetto as defendants. *See* Amended Schedule of Actions, ECF No. 6; Schedule of Actions, ECF No. 17-1; Schedule of Actions, ECF No. 37-1.

## III.   ARGUMENT

### A.   The Related Actions and any Tag-Along Actions Are Appropriate for Transfer and Centralization Under 28 U.S.C. § 1407(a)

Transfer and centralization are permitted if civil actions pending in different districts "involv[e] one or more common questions of fact" and this Panel determines that transfer will further "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). "The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." MANUAL FOR COMPLEX LITIGATION ("MCL"), § 20.131 (4th ed. 2004). Transfer and centralization for pretrial proceedings would achieve those objectives and are appropriate here.

---

Cognizant-to-Acquire-TriZetto-Creating-a-Fully-Integrated-Healthcare-Technology-and-Operations-Leader.

[2] *Data Breach Notifications*, Office of the Maine Attorney General, https://www.maine.gov/cgi-bin/agviewerad/ret?loc=3646 (last accessed Apr. 6, 2026).

[3] *Id*.

[4] *Id*.

Centralization is appropriate because the Related Actions involve common, numerous, and complex questions of fact; it will further the convenience of the parties and witnesses involved; and it will promote just, efficient, and consistent pretrial adjudication of the Related Actions. Centralization is also supported by the compelling need to establish uniform and consistent standards in conducting pretrial discovery and motion practice and to avoid potentially inconsistent rulings, inefficiencies, and waste of the parties' and judiciary's resources that would result if the Related Actions were to proceed in numerous district courts.

The Panel has previously recognized that centralization is proper where, as here, there are multiple defendants intertwined in a large multi-defendant data breach. *See, e.g.*, *In re MOVEit Customer Data Sec. Breach Litig.*, 699 F. Supp. 3d 1402, 1405 (J.P.M.L. 2023) ("[T]he MOVEit vulnerability is at the core of all cases . . . . Disentangling the allegations against Progress . . . from the allegations against other defendants in the same case seems impracticable, if not impossible, under Section 1407(a)."); *In re Keffer Dev. Servs., LLC*, 796 F. Supp. 3d 1379, 1380 (J.P.M.L. 2025) ("Keffer has identified 108 universities across the country that were potentially affected by the breach . . . . Centralization will allow a single transferee judge to structure pretrial proceedings in a manner that considers all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other actions.); *In re Blackbaud, Inc., Customer Data Sec. Breach Litig.,* 509 F. Supp. 3d 1362, 1363 (J.P.M.L. 2020) (centralization ordered where related actions "present[ed] common factual questions concerning an alleged . . . breach of Blackbaud's systems . . . that allegedly compromised the personal information of millions of consumers doing business with entities served by Blackbaud's cloud software and services."). Stone Plaintiffs

support the Motion in this regard and the Panel should rule consistently with its previous decisions to centralize proceedings in similar data breach matters.

> **B.      The Eastern District of Missouri is the Most Appropriate and Optimal Transferee Forum**

Once the Panel decides that centralization is appropriate, it then turns to the question of which forum is most suitable for centralization. Plaintiff-Movants request that the Related Actions be transferred to and centralized in the District of New Jersey. As discussed below, Stone Plaintiffs submit that the Eastern District of Missouri is the optimal forum for centralization of the Related Actions.

In choosing an appropriate transferee forum, the Panel considers: (1) where the largest number of cases is pending; (2) where discovery has occurred; (3) where cases have progressed furthest; (4) the site of the occurrence of the common facts; (5) where the cost and inconvenience will be minimized; and (6) the experience, skill, and caseloads of available judges. MCL, § 20.131.

Here, the first factor, largest number of cases, slightly favors the District of New Jersey, as 15 cases are pending in the District of New Jersey, 9 cases are pending in the Eastern District of Missouri, and 1 case is pending in both the Eastern District of California and the Northern District of California. *See* Amended Schedule of Actions, ECF No. 6; Schedule of Actions, ECF No. 17-1; Schedule of Actions, ECF No. 37-1.

The second and third factors, where discovery has occurred and where cases have progressed the furthest, are inapplicable under the present circumstances because all Related Actions are in their infancy.

The fourth factor, the site of the occurrence of the common facts, favors the Eastern District of Missouri. The common thread that runs through all Related Actions is that TriZetto's web portal is where the Data Breach occurred. Plaintiff-Movants argue that Cognizant is "the Key

Defendant," but this is not the case. *See* Transfer Motion at 5. Plaintiff-Movants provide no evidence that the majority of evidence related to the Data Breach is located in New Jersey, citing only that Cognizant bought TriZetto and that Cognizant and TriZetto "operate under one corporate structure." *Id*. at 5-6. However, TriZetto still maintains a separate corporate identity from Cognizant.[5] TriZetto is the entity that experienced the Data Breach and sent notice letters to the persons affected by the Data Breach.[6] TriZetto is named as a defendant in all of the 26 Related Actions.[7] *See* Amended Schedule of Actions, ECF No. 6; Schedule of Actions, ECF No. 17-1; Schedule of Actions, ECF No. 37-1. Cognizant is named in only 18 of the 26 Related Actions. *See id*. Accordingly, there is no question that TriZetto is the actual "key defendant" in the Related Actions and the case should be transferred to its home district.

The fifth factor, where the cost and inconvenience can be minimized, also favors the Eastern District of Missouri. The Eastern District of Missouri is located in St. Louis, Missouri, a major metropolitan area that is conveniently located in the center of the United States. Given that there are Related Actions pending on both coasts, the Eastern District of Missouri will provide a suitable middle ground. Furthermore, TriZetto and its employees will likely have the most discoverable information relating to the Data Breach, as the breach occurred within its network systems. Keeping the litigation nearest to the defendant with the most discoverable information, close to the most relevant witnesses, and in the middle of the country will promote efficiency.

---

[5] *Limited Liability Company Details as of 4/8/2026,* Missouri Secretary of State, https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?ID=2707832&page=beSearch (last accessed Apr. 8, 2026).
[6] *See Data Breach Notifications*, *supra* at n.2.
[7] The Amended Schedule of Actions filed as ECF No. 6 erroneously omits TriZetto as one of the defendants in *Whiteside v. TriZetto Provider Solutions, LLC, et al.*, No. 2:26-cv-02373 (D.N.J.). *See* ECF No. 1-25.

The sixth factor, the experience, skill, and caseloads of available judges, also favors the Eastern District of Missouri. The Eastern District of Missouri does not currently have any pending MDLs, avoiding the congestion of potential transferee forums, like the District of New Jersey's 12 current MDLs and the Northern District of California's 20 pending MDLs.[8] Additionally, the Eastern District of Missouri has the fewest pending civil cases out of any of the potential transferee forums.[9]

Because three of the four relevant factors here favor transfer to the Eastern District of Missouri, the Panel should transfer the Related Actions to the Eastern District of Missouri.

## IV.    CONCLUSION

For these and all the foregoing reasons, Plaintiffs Susan Stone and Ernest Easter respectfully submit that the Transfer Motion should be granted as to the request for transfer and centralization, but that the Related Actions should instead be transferred to and consolidated in the Eastern District of Missouri for consolidated or coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407.

Dated: April 8, 2026                                    Respectfully submitted,

                                                        /s/ Ben Barnow
                                                        Ben Barnow
                                                        **BARNOW AND ASSOCIATES, P.C.**
                                                        205 West Randolph Street, Ste. 1630
                                                        Chicago, IL 60606
                                                        Tel: 312.621.2000

---

[8] *See MDL Statistics Report – Distribution of Pending MDL Dockets by District*, UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (April 1, 2026), https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-1-2026.pdf.
[9] *See Civil Cases Filed, Terminated, and Pending*, UNITED STATES COURTS, https://www.uscourts.gov/statistics-reports/analysis-reports/federal-judicial-caseload-statistics (last accessed April 8, 2026).

Fax: 312.641.5504
b.barnow@barnowlaw.com