**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION AND TRIZETTO PROVIDER SOLUTIONS, LLC, DATA SECURITY BREACH LITIGATION | MDL No. 3185 |

**RESPONSE OF PLAINTIFFS LIAM LYTLE, MARICRUZ JIMENEZ, AND CARSON NOEL IN SUPPORT OF MOTION FOR TRANSFER OF RELATED ACTIONS TO THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1407**

Pursuant to Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiffs Liam Lytle, Maricruz Jiminez and Carson Noel in the case styled *Lytle et al. v. Trizetto Provider Solutions et al..*, United States District Court for the District of New Jersey, Case No. 2:25-cv-18938, submit this Interested Party Response in support of Movants Gayle Burge, Ana Lamaire, Natanya Pope, and Norberto Claudio ("Movants") motion for centralization and transfer of Related Actions[1] to the District of New Jersey. *See* ECF No. 1 ("Motion"). The Related Actions arise out of a Data Breach involving Defendant Cognizant Technology Solutions Corporation ("Cognizant"), which wholly owns Co-Defendant TriZetto Provider Solutions, LLC ("TriZetto"). Centralization and transfer to the District of New Jersey for coordinated or consolidated pretrial proceedings is appropriate for the reasons described in the Motion and those set forth below.

---

[1] "Related Actions" refers to those actions identified in Amended Schedule of Actions with the Motion and all subsequent tag-along actions.

1

**I.        The Related Actions Should Be Centralized Pursuant to 28 U.S.C. § 1407(a)**

Section 1407 permits transfer and centralization of cases that are pending in different districts if the cases "involve one or more common questions of fact" and the Panel determines that transfer and centralization will further "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a).  The aim of Section 1407 is to "eliminate duplication in discovery, avoid conflicting rules and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts."  *Gelboim v. Bank of America Corp.*, 574 U.S. 405, 410 (2015) (quoting Manual for Complex Litigation § 20.131 (4th ed. 2004)).  For the reasons explained in the Motion, transfer of the Related Actions for consolidated or coordinated pretrial proceedings will advance section 1407's underlying objectives.

**II.       The District of New Jersey Is the Most Appropriate Forum**

When determining the most appropriate transferee forum, the Panel considers, among other factors, the location of a primary defendant's headquarters, the relative number of cases pending in each jurisdiction, whether the district is in a geographically central and accessible metropolitan location, and the experience and capacity of the judges in the district proposed. *See, e.g.*, *In re MOVEit Customer Data Sec. Breach Litig.*, 2023 WL 6456749, at *3 (transferring to district where primary defendant was headquartered); *In re Erie COVID-19 Bus. Interruption Prot. Ins. Litig.*, No. MDL 2969, 2020 WL 7384529, at *3 (J.P.M.L. Dec. 15, 2020) (transferring to forum that was "the clear center of gravity for this litigation," in large part because of the "sizeable number of actions" pending there); *In re Local TV Advert. Antitrust Litig.*, 338 F. Supp. 3d 1341, 1343 (J.P.M.L. 2018) (noting that transferee district "provides a geographically central and convenient location for the parties and witnesses").

Here, the District of New Jersey is the most appropriate and convenient venue for transfer and centralization of the Related Actions and any tag-along actions for several reasons. First, Cognizant is headquartered in Teaneck, New Jersey, within the District of New Jersey. Relevant witnesses, databases, documents, and other evidence are likely located there. Second, the District of New Jersey is the center of gravity of this litigation, with the majority of the Related Actions (at least 15 of 26 at the time of filing of this Interested Party Response) pending there. Third, the District of New Jersey is easily accessible, with several major commercial airports located just miles from the U.S. Courthouse.

For the reasons set forth in the Motion and in Interested Parties Thereasa Ilene Harris Vaughn's And Marion Barnett's Response In Support Of Plaintiff-Movants' Motion For Transfer And Centralization Of Related Actions To The District Of New Jersey Pursuant To 28 U.S.C. § 1407 (the "Vaughn and Barnett Motion") (ECF Nos. 1 & 42), which Plaintiffs here join and need not be repeated, the Related Actions should be consolidated and transferred to the District of New Jersey. It especially bears noting that the corporate and legal department for Trizetto is listed as being in Teaneck, NJ in Cognizant's SEC filings. There is no evidence to suggest that Trizetto's operations in St. Louis, which have been transitioning to New Jersey since the Trizetto acquisition by Cognizant, still include the corporate decision-making concerning data security, which will be evidence central to this case. Tellingly, Cognizant's most recent SEC filings state that the TriZetto Group, Inc., is now known as Cognizant Technology Software Group, Inc.[2]

## III.    Conclusion

For the reasons set forth above, and for the reasons set forth in the Movants Gayle Burge, Ana Lamaire, Natanya Pope, and Norberto Claudio's Motion and Response for Centralization

---

[2] *See https://d18rn0p25nwr6d.cloudfront.net/CIK-0001058290/05182207-bce7-4449-ae64-ae06e7531736.pdf* at p. 2

and Transfer of Related Actions, (ECF Nos. 1 & 42) Plaintiffs Liam Lytle, Maricruz Jiminez and

Carson Noel in the case styled *Lytle et al. v. Trizetto Provider Solutions et al.*, United States

District Court for the District of New Jersey, Case No. 2:25-cv-18938, respectfully requests that

the Panel transfer the Related Actions to the District of New Jersey to be consolidated or

coordinated for pretrial purposes.

Date: April 8, 2026

Respectfully submitted,

 /s/ Thomas E. Loeser
Thomas E. Loeser
**COTCHETT PITRE & McCARTHY LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272
tloeser@cpmlegal.com

Christopher A. Seeger
Shauna B. Itri
**SEEGER WEISS LLP**
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Tel.: (973) 639-9100
cseeger@seegerweiss.com
sitri@seegerweiss.com


Counsel for Plaintiffs Liam Lytle, Maricruz Jiminez
and Carson Noel in *Lytle et al. v. Trizetto Provider
Solutions et al.*, Case No. 2:25-cv-18938 (D.N.J)