**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION AND TRIZETTO PROVIDER SOLUTIONS, LLC, DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 3185 |

**PLAINTIFFS P.B., BY AND THROUGH HER NEXT FRIEND, STEPHANIE JAFFA, SHIRLEY CLEVELAND, GRACE AYANDIBU, ARLEENE DEJESUS, KIMBERLY TAYLOR, JOSEPH WHEELER, JOSEPH CORBRAY, STEPHANIE JONES, ELIZABETH NOBLE, AND RAYMOND NIESSING'S RESPONSE TO THE MOTION FOR TRANSFER AND CENTRALIZATION OF RELATED ACTIONS TO THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1407 FOR** <u>**CONSOLIDATED PRETRIAL PROCEEDINGS**</u>

Plaintiffs P.B., by and through Her Next Friend, Stephanie Jaffa, Shirley Cleveland, Grace Ayandibu, Arleene Dejesus[1], Kimberly Taylor, Joseph Wheeler, Joseph Corbray, Stephanie Jones, Elizabeth Noble, and Raymond Niessing ("Plaintiffs") submit this response in opposition to Plaintiff-Movants' ("Movants") Motion for Transfer and Centralization of Related Actions to the District of New Jersey Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings. While Plaintiffs support centralization and transfer of the Related Actions for coordinated or consolidated pretrial proceedings as part of *In re Cognizant Technology Solutions Corporation and TriZetto Provider Solutions, LLC Data Security Breach Litigation*, the most appropriate transferee forum is not the District of New Jersey, but rather the Eastern District of Missouri, or, in the alternative, the Western District of Missouri.

---

[1] Plaintiff Dejesus' case was filed in the Eastern District of Missouri on April 8, 2026, case no. 4:26-cv-00523. That case is in the process of being included in the consolidated case of *In re TriZetto Provider Solutions Data Security Breach Litigation*, No. 4:25-cv-01861-PLC (E.D. Mo.)

1

## I.   INTRODUCTION AND BACKGROUND

Plaintiffs support centralization of these actions but oppose transfer to the District of New Jersey.  The most appropriate transferee forum is the Eastern District of Missouri—where TriZetto is headquartered, where the relevant systems and witnesses are located, and where related actions are already consolidated and pending.  In the alternative, the Western District of Missouri, a jurisdiction with ample experience in MDLs and complex litigation, is also appropriate.

Defendant TriZetto Provider Solutions, LLC ("TriZetto") is a revenue cycle management company, which provides cloud-based support for the financial process of managing patient care tracking, billing, and payment collection for hundreds of thousands of health care providers nationwide.[2] Even though TriZetto was acquired by Cognizant Technology Solutions Corporation ("Cognizant") in 2014, it remains a subsidiary many steps down from Cognizant and maintains its headquarters in Earth City, Missouri.  *See In re TriZetto Provider Solutions Data Security Breach Litigation*, No. 4:25-cv-01861-PLC (E.D. Mo.), ECF 1, ¶ 2.  As part of the services provided to patients' healthcare providers, TriZetto collects, stores, manages, and utilizes Protected Health Information ("PHI") and Personally Identifiable Information ("PII") for over 200 million individual patients and 875,000 medical providers.[3]  On October 2, 2025, TriZetto detected unauthorized activity on its web portal, and later learned that the unauthorized actor(s) first accessed its network systems in November 2024. *Id.* ¶¶ 39-40.  As of January 26, 2026, the threat actor exfiltrated approximately 3.4 million individual patients' records in the eleven months that they were able to access TriZetto's systems.[4]  The information accessed and disclosed included

---

[2] https://www.trizettoprovider.com/(last visited April 6, 2026).
[3]     COGNIZANT,     https://www.cognizant.com/us/en/industries/healthcare-technology-solutions/trizetto#:~:text=It's%20our%20mission.,Why%20Cognizant (last visited Apr. 7, 2026).
[4] Steve Alder, *Trizetto Data Breach: PHI of 3.4 Million Individuals Exposed*, THE HIPAA J. (MAR. 2, 2026),  https://www.hipaajournal.com/trizetto-provider-solutions-data-breach/  (last visited April 6, 2026).

patients' names, addresses, dates of birth, Social Security numbers, health insurance numbers, Medicare benefit numbers, healthcare provider names, and other medical information. *Id.* ¶ 9

To date, 44 healthcare entities have been impacted by the Data Breach. TriZetto was a business associate of some of these covered entities, and a subcontractor of other covered entities' vendors.[5]  For example, OCHIN Epic contracted with TriZetto to provide billing services.[6] OCHIN estimates that the TriZetto data breach affected around nine percent of its member network, or over 700,000 OCHIN patients.[7]

Since the initial data breach, plaintiffs have filed at least 27 federal actions in four judicial districts, all of which are proposed class actions.  Each of the 27 Related Actions in MDL No. 3185 involve TriZetto and assert overlapping claims and allegations—all arising from TriZetto's failure to adequately secure its systems against attacks by cybercriminals.  These Actions allege that TriZetto is the common actor and assert similar facts, claims, class allegations, and damages.  None of the Related Actions in this MDL has advanced procedurally.  There have been no consolidated complaints, let alone motion practice or discovery.

TriZetto's systems were the weak link in the data breach. Indeed, since December 17, 2025, ten actions against TriZetto have been filed in the Eastern District of Missouri—approximately twenty-one miles from TriZetto's headquarters in Earth City, Missouri.  That is where the critical discovery and witnesses common to each of the more than twenty cases are located.

On March 17, 2026, Movants Gayle Burge, Ana Lamaire, Natanya Pope, and Norberto Claudio filed a Motion to Transfer and Consolidate for Coordinated Pretrial Proceedings under 28 U.S.C. § 1407 ("Motion"), seeking transfer and centralization in the District of New Jersey.

---

[5] *Id.*
[6] *Id.*
[7] *Id.*

Because Plaintiffs support centralization and transfer of the Related Actions to the Eastern District of Missouri as part of MDL No. 3185, they oppose the Motion.

## II. TRANSFER OF THE ACTIONS FOR CONSOLIDATION AND COORDINATION IS APPROPRIATE UNDER 28 U.S.C. § 1407 BECAUSE THERE ARE COMMON QUESTIONS OF FACT.

Plaintiffs agree with the Movants' position that these cases should be consolidated in a single district. The Related Actions involve common questions of fact and law, and consolidation will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of this litigation. 28 U.S.C. §1407. "Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." *In re Nat'l Hockey League Players' Concussion Injury Litig.*, 49 F. Supp. 3d 1350 (J.P.M.L. 2014).

In determining whether to consolidate cases from multiple districts to a single district, the JPML "applies a threshold set of criteria," including: (1) whether the "underlying issues present common questions of fact which are complex, numerous, and incapable of resolution through other available procedures such as informal coordination"; (2) whether the prudential and procedural factors support the necessity of centralization; and (3) whether there exists a convenient and available transferee forum. *See* Manual for Complex Litigation, § 22.33, pp. 366-367 (4th ed. 2004) ("Manual"). For the purposes of Section 1407, common questions of fact exist where multiple actions assert similar "core factual allegations" and "can be expected to focus on a significant number of common events, defendants, and/or witnesses." *In re Unumprovident Corp. Sec., Derivative & "ERISA" Litig.*, 280 F. Supp. 2d 1377, 1379 (J.P.M.L. 2003).

Here, the Related Actions share overlapping questions of fact. The cases arise out of TriZetto's data breach and seek to hold the same Defendants accountable. The cases will all involve investigating the facts surrounding TriZetto's security practices, the particularities of the

breach, the subsequent data exfiltration, and the resulting harm to individuals. Discovery in each of the Related Actions will necessarily include when TriZetto first detected the vulnerabilities in its systems, whether TriZetto instituted technical safeguards, and when and how TriZetto informed its clients of these vulnerabilities.  While others will no doubt argue that other Defendants are also at fault, the apportionment of liability in a negligence case among multiple parties who bear blame for the breach should be conducted in one court.  Otherwise, there is a grave risk of inconsistent rulings and a patchwork of contradictory decisions in courts across the country.  These fundamental questions should be handled by a single MDL transferee judge.

Moreover, the Panel routinely finds that similar data breach cases involve common questions of fact and are suitable for centralization. *See, e.g.*, *In re T-Mobile 2022 Customer Data Sec. Breach Litig.*, 2023 WL 3829244 (J.P.M.L. 2023) (centralizing eleven actions across eight districts involving a data security breach of T-Mobile); *In re KeyBank Customer Data Sec. Breach Litig.*, 2023 WL 1811824 (J.P.M.L. 2023) (centralizing ten actions across at least three districts involving a data security breach of Key Bank); *In re Samsung Customer Data Sec. Breach Litig.*, 2023 WL 1811247 (J.P.M.L. 2023) (centralizing nine actions across four districts involving a data security breach of Samsung). There is no reason to diverge from the Panel's precedent here.

Absent centralization and transfer of all Related Actions, the parties will be subjected to duplicative discovery, and witnesses may face multiple, redundant depositions. *See, e.g.*, *In re Uber Techs., Inc., Data Sec. Breach Litig.*, 304 F. Supp. 3d 1351, 1353 (J.P.M.L. 2018) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary."). As a result, the federal court system will be forced to administer—and TriZetto and its co-defendant corporate clients will be compelled to defend—dozens of related actions

across multiple venues, all proceeding on potentially different pretrial schedules and subject to different judicial decision-making and local procedural requirements.

Allowing the Related Actions to proceed independently would almost guarantee duplication of discovery, resulting in overlapping motion practice and risk inconsistent rulings, making transfer and coordination for pretrial proceedings necessary and appropriate. Indeed, the Related Actions all involve common issues of fact—a massive data breach. Centralization will promote the convenience of the parties and witnesses and the just and efficient conduct of the litigation. *See* 28 U.S.C. §1407.

Accordingly, the Panel should transfer and consolidate the Related Actions in a single district.

## III.     THE EASTERN DISTRICT OF MISSOURI IS THE MOST APPROPRIATE TRANSFEREE FORUM UNDER A BALANCING OF THE FACTORS.

In determining the appropriate transferee district, the Panel may consider (1) whether the district "offers a forum that is both convenient and accessible for the parties and witnesses"; (2) the location of "relevant witnesses and evidence"; (3) the positions of the parties; and (4) the experience of the transferee judge and district in navigating the "nuances of complex and multidistrict litigation[.]" *In re: Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014). But docket conditions also are a critical factor, and the interests of justice require sending the cases to a "court that has the resources available to manage this litigation." *In re ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007).

In considering these factors, the Eastern District of Missouri is the most appropriate transferee forum because (1) it is the location of TriZetto's headquarters and therefore the site of the occurrence of the common facts and (2) the cost and inconvenience will be minimized as most of the relevant data, evidence, and witnesses are located in the Eastern District of Missouri. It is

the clear center of gravity of these cases.  TriZetto's headquarters is located in Earth City, Missouri, and counsel's investigation suggests that most of the relevant witnesses are in the St. Louis area. The cases in the Eastern District of Missouri have already been consolidated.  *See In re TriZetto Provider Solutions Data Security Breach Litigation*, Case No. 4:25-cv-01861-PLC (E.D. Mo.) (ECF No. 25).  Transferring the case to the Eastern District of Missouri would simplify and streamline depositions and in-person discovery.  Crucially, it would also ease the burden on most witnesses who will testify at or attend key hearings or trial, allowing most witnesses to remain in their hometown (St. Louis, MO).

Movants argue that the District of New Jersey is the appropriate forum because Cognizant's headquarters is located there and "decision-making concerning Cognizant's TriZetto software occurred in New Jersey," but what is relevant in data breach cases is where the systems and networks are located.  *See*, *e.g.*, *In re Moveit Customer Data Sec. Breach Litig.*, 699 F. Supp. 3d 1402, 1405 (J.P.M.L. 2023) (finding defendant Progress Software Company headquarters to be appropriate transfer forum because vulnerability in its software was exploited).  The Data Breach arose from TriZetto's network systems in its Missouri headquarters and therefore Missouri, not New Jersey is the locus of the Related Actions. Nor is there any evidence that Cognizant's systems or networks were breached—it is simply a holding company for TriZetto. *See In re TriZetto Provider Solutions Data Security Breach Litigation*, Case No. 4:25-cv-01861-PLC (E.D. Mo.) (ECF Nos. 12 and 13).

Cognizant is a distant parent company of TriZetto. It operates more as a holding company with little to no involvement in TriZetto's daily affairs, computer servers or data and cybersecurity. TriZetto's sole member is Cognizant TriZetto Software Group, Inc., a Delaware corporation with its principal place of business in Colorado. *In re TriZetto Provider Solutions Data Security Breach*

*Litigation*. Case No. 4:25-cv-01861-PLC (E.D. Mo.) (ECF No. 12); *In re Cognizant/TriZetto Data Security Incident*, Case No. 2:25-cv-18908-MCA-AME (D.N.J.) (ECF. No. 8). Cognizant Domestic Holdings Corp. owns Cognizant TriZetto Software Group, Inc., and Cognizant owns Cognizant TriZetto Software Group, Inc. *See id.* According to TriZetto's Counsel, Cognizant plays no role in TriZetto's day-to-day operations and has little to no involvement in data security. In litigating this case, the Parties will make little use of Cognizant, its employees and officers, and its business records.

Movants argue the greatest number of cases are pending in the District of New Jersey, and thus the Related Actions should be transferred there. However, the scope of the breach continues to expand and it appears from the recent filings that some cases filed in NJ were merely piling on for statistical purposes. Upon information and belief, at least 44 of TriZetto's affiliates have been impacted. If the Related Actions are not centralized in the Eastern District of Missouri, more actions will likely be filed there.

Per the Panel's usual practice, the transferee district should reflect where the "principal defendant" is headquartered. *In re Factor VIII or IX Concentrate Blood Prods. Prods. Liab. Litig.*, 853 F. Supp. 454, 455 (J.P.M.L. 1993); *see also In re Angiodynamics, Inc.*, 2024 U.S. Dist. LEXIS 182258, at *4 (J.P.M.L. Oct. 3, 2024) (transferring cases to Southern District of California where a main defendant was headquartered, and other defendants supported centralization). Here, the principal defendant is TriZetto, which is located in the Eastern District of Missouri. Movants' reliance on *In re Samsung Customer Data Security Breach Litigation*, 2023 WL 1811247 (J.P.M.L. 2023), and *In re Blackbaud, Inc., Customer Data Security Breach Litigation*, 509 F. Supp. 3d 1362, 1364 (J.P.M.L. 2020), is misplaced because the data breaches in those cases originated from Samsung and Blackbaud, respectively, and Samsung and Blackbaud were the principal defendants

in each case.  Cognizant, located in the District of New Jersey, is not the primary Defendant.

Another important consideration that the Panel reviews is where the key witnesses are located.  *See*, *e.g.*, *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Practices Litig.*, 178 F. Supp. 3d 1377, 1379 (J.P.M.L. 2016) (transferring cases to the district to defendant's headquarters and where "key witnesses reside").  Contrary to Movants' assertions, New Jersey lacks significant contacts with the data breach.  TriZetto's network systems suffered the cybersecurity breach, and upon information and belief, these systems are located in Missouri, not New Jersey.  Cognizant is simply a holding company and is unlikely to be closely involved with TriZetto's day-to-day operations.  All three of TriZetto's officers list St. Louis, Missouri—not New Jersey—as their locations on their LinkedIn profiles.[8]  Missouri offers a central geographic location and accessible forum where parties can easily appear from anywhere in the country.  TriZetto is the primary defendant in this case.  Accordingly, the Eastern District of Missouri is the most appropriate transferee district. A consolidated class action case against TriZetto is already pending in the Eastern District of Missouri. *In re TriZetto Provider Solutions Data Security Breach Litigation*. Case No. 4:25-cv-01861-PLC (E.D. Mo.). As such, the Eastern District of Missouri is familiar with this case and prepared to oversee its litigation. *Id.* Moreover, the Eastern District of Missouri has the resources necessary to oversee this case. The Eastern District of Missouri has nine permanent district judgeships, five senior district judges, and a chief judge.[9] To ensure that their dockets run smoothly and efficiently, the Eastern District of Missouri has seven magistrate judges

---

[8] Tom Galle, LINKEDIN https://www.linkedin.com/in/tgalle/ (last visited Apr. 8, 2026); Heather Donohue, LINKEDIN https://www.linkedin.com/in/heather-donohue-4a186912/ (last visited Apr. 8, 2026).; Allison Roberts, LINKEDIN, https://www.linkedin.com/in/allison-roberts-a8114915/ (last visited Apr. 8, 2026).

[9] United States District Court Eastern District of Missouri, *Judge's Contact Information and Requirements*, https://www.moed.uscourts.gov/judges-contact-information-and-requirements (last visited on Apr. 6, 2026).

and one chief magistrate judge.[10] The court also offers advanced courtroom technology such as a document camera, multiple annotation monitors, and video and telephone conferencing.[11] St. Louis also has a major international airport and offers ample flight and hotel options. St. Louis offers public transportation in addition to other ride shares. The Eastern District of Missouri is therefore well equipped to handle this case.

## IV.    THE WESTERN DISTRICT OF MISSOURI IS THE MOST SUITABLE ALTERNATIVE VENUE FOR THIS MATTER

If the Panel decides to look beyond the Eastern District of Missouri (in St. Louis), the Western District of Missouri (in Kansas City) is the sensible runner up. Kansas City is a few hours from TriZetto's headquarters. There are six District Court Judges sitting on Western District of Missouri's bench, and only two currently have pending MDL cases.[12] The Western District of Missouri also has experience presiding over nationwide data breach cases involving millions of affected people. Judge Brian Wimes currently oversees *In Re: T-Mobile 2022 Customer Data Security Breach Litigation*, MDL 3073 (W.D. Mo.), and previously presided over *In Re: T-Mobile Customer Data Security Breach Litigation*, MDL 3019 (W.D. Mo.), which resolved in less than one year. The Western District of Missouri has an excellent track record for handling massive data breach MDLs in an efficient manner.

If the Panel selects the Western District of Missouri, Judge Stephen Bough would be an excellent transferee judge for this matter. Judge Bough does not currently have a pending MDL, but has past experience in handling both data breach class actions and MDLs. *See*, *e.g.*, *In Re: Smitty's/Cam2 303 Tractor Hydraulic Fluid Marketing, Sales Practices, And Products Liability Litigation*, MDL No. 2936; *T.R. v. Clay-Platte Family Med., P.C.*, No. 24-cv-00704-SRB, 2025

---

[10] *Id.*

[11] *Id.*

[12] *Id*. (MDL cases pending before Judge Wimes and Judge Phillips)

10

U.S. Dist. LEXIS 222879 (W.D. Mo. Nov. 3, 2025); *H&R Block Tax Servs. v. Cardenas*, No. 4:20-CV-00109-SRB, 2020 U.S. Dist. LEXIS 36307 (W.D. Mo. Mar. 3, 2020).

That most cases were filed in the Eastern District of Missouri and the District of New Jersey does not weigh against centralization in the Western District of Missouri.  The location of initial filings is not dispositive, particularly given that the Related Actions are all in their early stages, and no court has invested significant judicial resources on them.  *See* Manuel for Complex Litigation, Fourth § 20.131 (2004) (explaining that no single factor is dispositive); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 366 F. Supp. 3d 1368, 1369–1370 (J.P.M.L. 2019) (selecting the Northern District of Florida because it had "the necessary judicial resources and expertise to manage [the nationwide] litigation efficiently"—even though *no* cases in the original schedule were filed there).

The location of the Western District of Missouri is also favorable and weighs in favor of transferring the MDL to the Western District of Missouri. Located in Kansas City, Missouri, the Western District of Missouri is close to TriZetto's principal place of business. Moreover, Kansas City, Missouri has its own international airport and offers a wide variety of hotels, transportation, and other accommodations for witnesses and parties in this case. Like the Eastern District of Missouri, the Western District of Missouri offers a prime location for the convenience of the parties and witnesses in this case.

In sum, the Western District of Missouri's judicial capacity, experience with similar MDL cases, and central location make it the most suitable forum for consolidating and managing these cases in the event that the Eastern District of Missouri cannot.

The remaining three forums with pending cases—the District of New Jersey, the Northern District of California, and the Eastern District of California—are not well-suited to this MDL. All

11

three Districts are far from the witnesses and evidence in Earth City, Missouri. These Districts are also busy. The Eastern District of California has one of the highest caseloads in the country, with an average weighted caseload of 907 per Judge as of December 31, 2025.[13] The Northern District of California is not far behind, with an average weighted caseload of 725 per Judge as of December 31, 2025.[14] The Northern District of California also has 20 pending MDLs—the highest in the country.[15]Movants advocate for centralization in the heavily burdened District of New Jersey, which would cause significant delays in the litigation process. Its judges oversee 5,529 pending cases—the highest in the country—and the median civil case takes more than five and a half years to proceed from initial filing to trial.[16] These docket conditions simply do not allow the District of New Jersey to efficiently manage an MDL of this scale. Furthermore, the District of New Jersey currently has 11 pending MDL cases.[17]

In contrast, both the Eastern District of Missouri and the Western District of Missouri maintain very manageable caseloads, with both averaging approximately 365 and 475 pending cases per judge respectively, and a median time from filing to trial of under two years—far lower than any other proposed forum.[18]

---

[13] https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf    (last visited Apr. 8, 2026).

[14] *Id.*

[15] https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-1-2026.pdf

[16] https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf

[17] chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-1-2026.pdf

[18] https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf

## III.    CONCLUSION

For the reasons set forth above, Plaintiffs P.B., by and through Her Next Friend, Stephanie Jaffa, Shirley Cleveland, Grace Ayandibu, Arleene Dejesus, Kimberly Taylor, Joseph Wheeler, Joseph Corbray, Stephanie Jones, Elizabeth Noble, and Raymond Niessing respectfully request that the Panel transfer the Related Actions listed in the attached Schedule of Actions, as well as all subsequently filed Related Actions, to the Eastern District of Missouri or, in the alternative, the Western District of Missouri, before Judge Stephen Bough, for coordinated and consolidated pretrial proceedings under *In re Cognizant Technology Solutions Corporation and TriZetto Provider Solutions, LLC Data Security Breach Litigation*, MDL No. 3185.  Centralization in the Eastern District of Missouri or Western District of Missouri will ensure uniformity, conserve judicial resources, and provide the most efficient and just resolution of this litigation.

Dated: April 8, 2026

Respectfully submitted,

Maureen M. Brady

_____

Maureen M. Brady (MO Bar No. 57800)
MCSHANE & BRADY, LLC
4006 Central Street
Kansas City, MO 64111
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com

Amber L. Schubert (CA Bar No. 278696)
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union St, Ste 200
San Francisco, CA 94123
Tel: 415-788-4220
Fax: 415-788-0161
aschubert@sjk.law

13

Sabita J. Soneji (CA Bar No. 224262)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA  94612
Telephone: (510) 254-6808
Email: ssoneji@tzlegal.com

Raina C. Borrelli (MN Bar No. 392127)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
Email: raina@straussborrelli.com

William B. Federman
NY Bar # 2215341
OK Bar #2853
**Federman & Sherwood**
10205 N Pennsylvania Ave
Oklahoma City, OK 73120
Tel: (405) 235-1560
wbf@federmanlaw.com

**ATTORNEYS FOR PLAINTIFFS P.B.,
by and through Her Next Friend,
STEPHANIE JAFFA, SHIRLEY
CLEVELAND, GRACE AYANDIBU,
ARLEENE DEJESUS, KIMBERLY
TAYLOR, JOSEPH WHEELER,
JOSEPH CORBRAY, STEPHANIE
JONES, ELIZABETH NOBLE and
RAYMOND NIESSING**

14