**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISRICT LITIGATION**

In re:

Cognizant Technology Solutions Corporation and TriZetto Provider Solutions, Security Breach Litigation

MDL No. 3185

**DEFENDANT LOCAL INITIATIVE HEALTH AUTHORITY FOR LOS ANGELES COUNTY, d/b/a L.A. CARE HEALTH PLAN'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER TO THE DISTRICT OF NEW JERSEY PURSUANT TO  28 U.S.C. § 1407**

Defendant Local Initiative Health Authority for Los Angeles County, operating as  L.A. Care Health Plan (the "Plan"), a named defendant in *Lania Whiteside v. Cognizant Technology Solutions Corporation and Local Initiative Health Authority for Los Angeles County d/b/a L.A. Care Health Plan* (Case No. 2:26-cv-02373, D. N.J., filed March 6, 2026), by and through its counsel, hereby opposes Plaintiffs' Gayle Burge, Ana Lamaire, Natanya Pope, and Norberto Claudio (collectively "Plaintiff-Movants") Motion for Transfer and Centralization of Related Actions to the District of New Jersey Pursuant to  28 U.S.C. § 1407 for Consolidated Pretrial Proceedings, and in support thereof, states as follows:

1.      The Plan is an independent local government entity authorized by the State of California and created by the County of Los Angeles pursuant to California Welfare and Institutions Code sections 14087.96 through 14087.9725, and 14087.38.  *See* Cal. Welf. & Inst. Code § 14087.9605.

2.      The Plan services individuals eligible to receive health insurance benefits under the Medi-Cal program.  Cal. Welf. & Inst. Code § 14087.967.  To be eligible to receive benefits under

the Medi-Cal program, individuals must be residents of California.  Cal. Welf. & Inst. Code § 14005(a).

3.      The Plan's mission is "to provide access to quality health care for Los Angeles County's vulnerable and low-income communities and residents and to support the safety net required to achieve that purpose."  About, L.A. CARE HEALTH PLAN, https://lacare.org/about (last visited Apr. 7, 2026).

4.      The Plan is not a resident of the District of New Jersey; as it is a public entity local unit of government under California law, is based in Los Angeles County, California, and serves only California residents.

5.      Plaintiff is a resident of Wilmington, California located in Los Angeles County, California. Complaint ¶5.

6.      Assuming, *arguendo*, for purposes of Plaintiff-Movants' motion that the allegations in the Whiteside Complaint are deemed to be true that a data breach involving the Plan's data occurred—the alleged breach would have occurred as to a health plan, members, and data collected in California, and most likely would have involved health care rendered in California, and, therefore, there is no alleged connection to any state other than California.

7.      As a result, the parties, individual Plan witnesses and members, including Plaintiff, are and would be located in Los Angeles County, California, not across the country in New Jersey. Requiring a local governmental entity to litigate a matter thousands of miles away does not serve judicial convenience or efficiency.

8.      Venue is proper (1) in the judicial district in which a defendant resides, if all defendants are residents of the State in which the district is located, (2) in a judicial district in which a substantial part of the events giving rise to the claim occurred, or a substantial part of

FIRM:69927196v2

property that is subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C.A. § 1391(b).

9.    New Jersey is an improper venue for a litigation against the Plan because the Plan is a resident of California, the alleged breach would have occurred as to data collected in California to provide health insurance to local California residents, and the action may be brought in Los Angeles, California.

10.    Consolidating the lawsuit against the Plan with the other actions in a Joint MDL in New Jersey would not create convenience and efficiencies as to the litigation against the Plan given the Plan's unique status as a local governmental entity and local insurer in California, with special rights, immunities, status and privileges under California law. The lawsuit against the Plan should not be part of a Joint MDL consolidated with numerous other cases because common questions of law and fact do not predominate as to the litigation against the Plan given its mission. Simply because an alleged shared vendor – Trizetto – allegedly suffered a security incident is not a valid basis to consolidate these matters with the litigation against the Plan or require the Plan to litigate the Whiteside matter together with these other lawsuits in a distant courtroom.  Indeed, the other cases subject to the Plaintiff-Movants' motion involve non-governmental entities and different facts that are dissimilar to the particular legal and factual issues to be decided in the lawsuit against the Plan, a local health insurer. Any litigation against the Plan should occur only in an individual non-consolidated action in a courtroom in Los Angeles, California.

11.    Lastly, the Plan has no present information that it was served with the March 17, 2026 MDL motion or the JPML Order dated March 18, 2026, and recently became aware of these MDL proceedings through other means, and objects to the MDL motion on this basis. To the extent

3

Plaintiff-Movants seek, however, to assert in the future any objection to the timeliness of the undersigned's notice of appearance or the Plan's opposition, we respectfully request that the Panel reject any such argument because the Plan only recently learned of this MDL proceeding and has timely submitted its opposition.[1]

12.     Nothing herein waives or is intended to waive the Plan's jurisdictional and venue objections in any proceeding.

WHEREFORE, Defendant Local Initiative Health Authority for Los Angeles County, d/b/a L.A. Care Health Plan respectfully requests that the Panel deny the Motion for Transfer and Centralization of Related Actions to the District of New Jersey Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings.

Dated: April 8, 2026

Respectfully submitted,

Epstein Becker & Green, P.C.

By: /s/ Brian G. Cesaratto

875 Third Avenue
New York, NY 10022
Tel: 212.351.4500
Fax: 212.878.8600
bcesaratto@ebglaw.com

*Attorneys for Defendant Local Initiative Health Authority for Los Angeles County, d/b/a L.A. Care Health Plan*

---

[1] The Plan was served with the complaint by Plaintiff Whiteside on or about March 16, 2026.

FIRM:69927196v2