**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| IN RE: COGNIZANT TRIZETTO DATA SECURITY BREACH LITIGATION | MDL NO. 3185 |
|---|---|

**DEFENDANT CARES COMMUNITY HEALTH D/B/A ONE COMMUNITY HEALTH'S RESPONSE IN OPPOSITION AND JOINDER IN OPPOSITION TO PLAINTIFF-MOVANT'S MOTION FOR TRANSFER AND CENTRALIZATION OF RELATED ACTIONS TO THE DISTRICT OF NEW JERSEY**

Defendant Cares Community Health d/b/a One Community Health ("Defendant" or "OCH") hereby submits this Response in Opposition to Plaintiff-Movants' Motion for Transfer and Centralization of Related Actions to the District of New Jersey Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings, ECF 1 (the "Motion"); *see also* ECF No. 1-1 (the "Memorandum") and respectfully requests that the Judicial Panel on Multidistrict Litigation (the "Panel") deny Plaintiff-Movant's Motion. Should the Panel decide to transfer pursuant to 28 U.S.C. § 1407, however, OCH submits that the United States District Court for the Eastern District of Missouri is the most appropriate forum for any coordinated pre-trial proceedings. Accordingly, OCH fully adopts and incorporates the facts and arguments contained in TriZetto Provider Solutions and Cognizant Technology Solutions Corporation's Response in Opposition to Plaintiff-Movants' Motion to Transfer (ECF No. 49) and joins in the aforementioned response in opposition.

I.    **ARGUMENT**

A.    **OCH Is A Defendant in Two Related Actions—In Two Different Districts.**

As of the date of this Response, Related Actions are pending in four federal districts: the Eastern District of Missouri, the District of New Jersey, the Eastern District of California, and the Northern District of California. OCH has been named as a defendant in two of the actions.

2

By court order, all actions in the Eastern District of Missouri have been consolidated into the first-filed *Niessing* action. *See* Order Consolidating Cases, *Niessing v. Trizetto Provider Solutions, LLC et al.*, Case No. 4:25-cv-01861, E.D. Mo., ECF No. 8.  This consolidated action includes the case where OCH was named as a defendant—*Corbray v. Trizetto Provider Solutions, LLC, et al.*, 4:26-cv-00013-JMD (E.D. Mo.).  In the Eastern District of California, OCH has been named as a defendant in *Taylor v. Trizetto Provider Solutions, LLC, et al.*, 2:26-cv-00086-DC-AC (E.D. Cal.).[1]

Given OCH's involvement in these matters as a health center defendant in cases filed in two different districts, OCH is well-positioned to opine on Plaintiff-Movants' contention that 28 U.S.C. § 1407 is "the most efficient and effective way to handle these cases" (Plaintiff-Movants' Memo. at p. 5).  OCH disagrees with Plaintiff-Movants' approach as OCH does not consider § 1407 centralization and transfer in the District of New Jersey to be the most convenient and efficient method to resolve this data breach incident.  OCH asks that the Panel not overlook the needs of health center defendants for an efficient and accessible forum as it decides on transfer and consolidation.

First, OCH is interested in a prompt and efficient resolution of this matter, and asserts that transfer and consolidation under 28 U.S.C § 1404 is preferable to transfer and centralization under § 1407.  The Panel's prior decisions make clear that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re Best Buy Co.,*

---

[1] Notably, OCH is also named as a defendant in an additional Eastern District of California case titled *Carucci v. Cares Community Health d/b/a One Community Health*, case number 2:26-cv-01314.  This case focuses on the same operative facts but was filed in California state court initially (Superior Court of the State of California, County of Sacramento, under Case No. 26CV001036) and does not include Trizetto as a defendant.  On April 3, 2026, OCH removed the case from state court to the Eastern District of California.

*Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). These options should include agreeing to proceed in a single forum via Section 1404 transfer of the cases, as well as voluntary cooperation and coordination among the parties and courts to avoid duplicative discovery or inconsistent rulings. Here, informal coordination among the parties has already begun and could serve to help avoid unnecessary and expensive multidistrict litigation proceedings. Plaintiff-Movants have not demonstrated that coordination between the parties, their (largely) overlapping counsel, and the courts involved is impracticable. *See In re Dickey's Barbeque Rests., Inc., Customer Data Sec. Breach Litig.*, 2021 WL 405657, at *2 (J.P.M.L. 2021) (finding that Section 1407 centralization is unnecessary where coordination between the parties and courts involved would achieve the effects relating to promoting efficiency and consistency).

Moreover, because transfer under Section 1404 would allow for consolidation for all purposes—including trial—while Section 1407 would involve remand to transferor courts after the conclusion of pretrial proceedings, OCH favors the more complete solution completed by Section 1404. *See, e.g., Morris v. Charles Schwab Corp.*, 2024 U.S. Dist. LEXIS 22633, at *6-7 (M.D. Fl. Dec. 16, 2024) (citing position of intervenors that transfer under Section 1404 is superior to Section 1407 centralization because it is "for all purposes, including trial" and thus provides a more "streamlined" option).

  **B.**  **For Health Center Defendants Like OCH, the Eastern District of Missouri Is the Most Convenient and Appropriate Forum.**

OCH is a non-profit 501(c)(3) corporation licensed by the State of California and led by an independent board of directors, based out of Sacramento, California. As a Federally Qualified Health Center (FQHC), OCH is a health center program federal grantee under 42 U.S.C. § 254b. FQHCs operate as community-based, patient-centered organizations that deliver comprehensive,

4

integrated primary and preventative health center to all members of their communities, regardless of the patient's insurance status or ability to pay.   FQHCs also offer health services to uninsured persons on a sliding fee scale.

As an FQHC, OCH is extremely concerned with the high costs of litigation—especially relating to a case of this size and magnitude.   As such, a forum situated in the middle of the country—such as the Eastern District  of Missouri—is highly preferrable for OCH as opposed to a forum on the East Coast because it would minimize travel time and associated costs.  *See, e.g., In re Blue Buffalo Co., Ltd., Mktg. & Sales Pracs. Litig.*, MDL No. 2562, 2014 WL 5314606 (J.P.M.L. Oct. 17, 2014) ("St. Louis also provides a geographically central location for this nationwide litigation."); *see also In re The TJX Cos., Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 505 F. Supp. 2d 1379, 1380 (J.P.M.L. 2007) (selecting the appropriate transferee court because the forum was "centrally located" to the "nationwide docket").

Here, the parties and counsel named in these actions are dispersed throughout the United States.  Because health centers across the nation have been named as defendants in this matter, consolidation in the Eastern District of Missouri will ensure that no health center defendant is disproportionately affected by travel, as traveling to the central location of Saint Louis, Missouri (three hour and 40-minute flight time from Sacramento to Saint Louis) is much more convenient and efficient than traveling to the District of New Jersey (five hour and 15-minute flight time from Sacramento to Newark). As a side benefit, consolidation in the Eastern District of Missouri would mitigate scheduling conflicts and improve the likelihood of procedural efficiency.

From a practical perspective, as well, the Eastern District of Missouri simply makes sense as a forum because Trizetto, the primary defendant in the actions filed thus far, has its principal place of business in Earth City, Missouri. The key areas of analysis relating to

5

investigating the data breach lie within the systems of Trizetto—which provides software services to healthcare organizations such as OCH—and whether those data security systems complied with industry standards.  To the extent that complex discovery will involve deep examinations of TriZetto's systems, it would assist in conserving the resources of all parties and their counsel if centralization occurred in the "home forum" of the primary defendant.

## II.    CONCLUSION

For the reasons stated above and in Trizetto Provider Solutions and Cognizant Technology Solutions Corporation's Response in Opposition to Plaintiff-Movants' Motion to Transfer, Plaintiff-Movants' motion to transfer should be denied.  In the event that the Panel is inclined to consolidate and transfer, the Eastern District of Missouri provides a centralized and capable location for this litigation.

Dated:  April 8, 2026                                Respectfully submitted,

*/s/ Brendan M. Tyler*
Brendan M. Tyler, # 1672687DC
**FELDESMAN LLP**
1129 20th Street NW, Suite 400
Washington, DC 20036
Telephone: (202) 466-8960
Fax:  (202) 293-8103
Email:  btyler@feldesman.com

*Counsel for Defendant Cares Community Health*
*d/b/a One Community Health*

6

**CERTIFICATE OF SERVICE**

Pursuant to Rule 4.1(a) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the undersigned certifies that the foregoing was filed electronically and served upon all parties on April 8, 2026, via the JPML's electronic filing system.

*/s/ Brendan M. Tyler*