**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE COGNIZANT/TRIZETTO DATA BREACH LITIGATION** | **MDL NO. 3185** |

**PLAINTIFF-MOVANTS' REPLY IN SUPPORT OF MOTION FOR TRANSFER AND
CENTRALIZATION OF RELATED ACTIONS TO THE DISTRICT OF NEW JERSEY
PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiff-Movants[1], by and through their undersigned counsel, respectfully submit this Reply in Support of the Motion for Transfer and Centralization of Related Actions to the District of New Jersey Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings (the "Motion").

Plaintiff-Movants requested the transfer and centralization of all Related Actions to the District of New Jersey that arise out of the October 2025 data breach of Defendant Cognizant Technology Solutions Corporation's ("Cognizant") TriZetto healthcare software.[2] Cognizant wholly owns Co-Defendant TriZetto Provider Solutions, LLC ("TriZetto").

Ten responses to the Motion were filed. All Plaintiffs supported transfer and centralization of the Related Actions. The vast majority of Plaintiffs support transfer to and centralization in the District of New Jersey—where the primary Defendant Cognizant is located, and where the by-far largest number of Related Actions were filed. *See* Dkt. 42 (response by Plaintiffs Barnett and Vaughn in support of the Motion for transfer to and centralization in the District of New Jersey);

---

[1] Gayle Burge, Ana Lamaire, Natanya Pope, and Norberto Claudio (collectively, "Plaintiff-Movants").

[2] Since the filing of the Motion on March 17, 2026, Related Actions have been filed in or removed to federal district courts. To date, there are approximately 29 Related Actions, though potentially related tag-along actions are likely to continue to be filed or removed to federal court, including the recently removed action *Carucci v. Cares Community Health d/b/a One Community Health*, Case No. 26-cv-1314 (E.D. Cal.), which does not name either Cognizant or TriZetto as defendant, but asserts claims arising out of the Data Breach. Plaintiff-Movants are aware of several other actions pending in state courts arising out of the Data Breach but which do not name either Cognizant or TriZetto. Should any of those actions be removed to federal court, Plaintiff-Movants will promptly advise the Panel.

Dkt. 44 (response by Plaintiffs Lytle, Jimenez, and Noel in support of the Motion and transfer to and centralization in the District of New Jersey); Dkt. 46 (response by Plaintiff Patterson in support of the Motion and transfer to and centralization in the District of New Jersey). Several other Plaintiffs support consolidation of the actions, but request transfer to the Eastern District of Missouri. *See* Dkt. 43; Dkt. 45.

While Defendants oppose the Motion, three of the "spoke" Defendants argued only that transfer would be inconvenient due to the entity's purportedly limited role or status as a local governmental entity and/or insurer. *See* Dkt. 52 (response by Defendant SF Health arguing that any litigation against it should occur in California); Dkt. 54 (response by Defendant LA Health arguing that any litigation against it should occur in California); Dkt. 41 (response by Defendant St. Anthony's arguing that it is a Defendant only in a single action in Missouri).

Defendant OCH takes the opposite view. In opposing the Motion, OCH implicitly admits that there are common factual issues but prefers consolidation under Section 1404 because such an order would consolidate the cases for all purposes, including trial, instead of the potential for remanding actions against individual defendants following pretrial proceedings. *See* Dkt. 55.

Defendants Cognizant and TriZetto inconsistently argue that there are no common factual issues but ignore that they previously did not oppose consolidation of the various Related Actions in the District of New Jersey and Eastern District of Missouri as related pursuant to Federal Rule of Civil Procedure 42, which requires common issues. *Compare* Dkt. 49 at 8–10 (response in opposition by Cognizant and TriZetto arguing common issues are lacking), *with Burge v. Cognizant Technology Solutions Corp.*, No. 2:25-cv-18909, Dkt. 6 (D.N.J.) (stating that Defendants do not oppose consolidation), *and Niessing v. TriZetto Provider Solutions LLC*, 4:25-cv-01861, Dkt. 17 (E.D. Mo.) (stating that Defendants supports consolidation). Cognizant and

TriZetto now attempt to reverse course, asking the Panel to do nothing and require the approximately 30 firms to attempt to informally coordinate between districts. *Id.* at 14–15.

For the reasons set forth herein, the Panel should grant Plaintiff-Movants' Motion and transfer the Related Actions to the District of New Jersey. The Related Actions involve common factual issues, centralization under Section 1407 is efficient, just and convenient for the parties and courts, and informal coordination would be burdensome, unwieldy and wildly inefficient. Further, the District of New Jersey is the best venue to handle the centralized proceeding as it is the home state of the primary Defendant, where the largest number of actions were filed, and where the bench has a depth of experience in managing large multidistrict litigation arising out of data breaches.

## ARGUMENT

A.    **Centralization and Transfer Under 28 U.S.C. § 1407 is Warranted Given the Same Data Breach is Central to All Related Actions**

1.    **Consolidation is Proper Due to the Clear Common Issues**

The arguments opposing consolidation and transfer are weak and unpersuasive. This Panel has repeatedly held that claims arising out of a data breach, especially "hub-and-spoke" data breaches like the one here, raise a substantial number of common issues.[3]

---

[3] *See, e.g.*, *In re MOVEit Customer Data Sec. Breach Litig.* ("*MOVEit*"), 699 F. Supp. 3d 1402 (J.P.M.L. Oct. 4, 2023) ("All actions can be expected to share common and complex factual questions as to how the [] vulnerability occurred, the circumstances of the unauthorized access and data exfiltration, and Progress's response to it, as well as the response of various downstream [] users and customer-facing defendants with whom plaintiffs did business."); *In re Fortra File Transfer Software Data Sec. Breach Litig.*, 717 F. Supp. 3d 1378, 1379 (J.P.M.L. 2024) ("All actions can be expected to share common and complex factual questions surrounding how the . . . vulnerability occurred . . . ."); *In re Perry Johnson & Assocs. Med. Transcription Data Sec. Breach Litig.*, 717 F. Supp. 3d 1357, (J.P.M.L. 2024) ("All actions will share factual questions arising from allegations of a 2023 data security breach of a portion of Perry Johnson's computer network.")*; In re AT&T Inc. Cellular Customer Data Security Breach Litig.* ("*AT&T*"), 753 F. Supp. 3d 1368, 1371-72 (J.P.M.L. 2024) (consolidating the actions arising out of the Snowflake data breach because they involve common factual questions concerning a cluster of data breaches that occurred on the Snowflake platform, notwithstanding the potential for defendant-specific issues).

Here, all of the Related Actions arise out of the October 2025 Data Breach, and most name Cognizant and/or TriZetto as primary Defendants. The Related Actions share substantially similar legal theories and claims. The factual and expert discovery concerning the common factual questions arising out of the Data Breach will be substantially the same in all Related Actions. *See, e.g.*, *In re Evolve Bank & Trust Customer Data Sec. Breach Litig.*, 753 F. Supp. 3d 1377, 1378 (J.P.M.L. 2024) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification and expert witness issues; and conserve the resources of the parties, their counsel, and the judiciary").

Moreover, the proposed classes are substantially similar—generally, all individuals whose personal information was exposed in the Data Breach. The cases that name as Defendants entities in addition to Cognizant and/or TriZetto still propose classes that substantially overlap with the nationwide classes. "Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." *AT&T*, 753 F. Supp. 3d at 1372. As such, centralized, consolidated pretrial proceedings in a multidistrict transferee court are proper.

Defendants Cognizant and TriZetto incorrectly argue that commonality is lacking, despite being named Defendants in nearly all of the Related Actions. In support, Defendants rely on *Accellion*, ignoring the many differences between that case and the Related Actions. As this Panel noted in *MOVEit*, in *Accellion*, the majority of the parties opposed centralization, different breaches affected each of Accellion's clients, and the Accellion product was a "legacy" product that Accellion had already encouraged its clients to discontinue using. *See MOVEit*, 699 F. Supp. 3d at 1406–07, n.7. In contrast, the Related Actions here all involve a single breach of Cognizant's current product, and the majority of parties support consolidation.

Defendants St. Anthony, SF Health, and LA Care oppose consolidation, arguing that their only involvement is using a product distributed by a common vendor, and that they will be forced to litigate in an action with unrelated entities outside of their home state. *See* Dkt. 41 at 2; Dkt. 52, at 3–4; Dkt. 54 at 3. But, while "centralization may pose some inconvenience to some parties, in deciding issues of transfer under Section 1407, [the Panel] look[s] to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation." *In re Watson Fentanyl Patch Prod. Liab. Litig.*, 883 F. Supp. 3d 1350, 1351–52 (J.P.M.L. 2012). Here, the overall convenience supports centralization and transfer. *See id.*; *MOVEit*, 699 F. Supp. 3d at 1407.

### 2.   Centralization Under Section 1407 is Necessary

Centralization for pre-trial purposes is superior to transfer under Section 1404. Several Defendants prefer transfer for all purposes. This is wrong for the same reasons the Panel found in *MOVEit* that centralization and transfer pursuant to Section 1407 was appropriate—because it permitted common discovery and motion practice, and individual defendants could be remanded to their local jurisdictions. *See MOVEit*, 699 F. Supp. 3d at 1047.

Further, centralization and transfer under Section 1407 is procedurally efficient, as Related Actions continue to be filed. *See, e.g.*, *Halcarz v. Cognizant Tech. Sols. Corp.*, Case No. 2:2026-cv-03880 (D.N.J.) (filed Apr. 13, 2026). An order consolidating and transferring related actions under Section 1407 has the benefit of also centralizing tag-along actions and actions that do not name either Cognizant or TriZetto as a Defendant, *see* Rules 1.1, 7.1, Rules of the Judicial Panel on Multidistrict Litigation, and avoiding the need for repeated and potentially contested motions to transfer under Section 1404. Moreover, none of the transferee courts have considered a motion to transfer under Section 1404, the parties disagree on the appropriate venue for the Related Actions, and no Plaintiff has consented to the transfer of any action. As such, there is not "a

reasonable prospect" that motions under Section 1404 would eliminate the multidistrict character of the litigation. *See In re Chantix (Varenicline) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 648 F. Supp. 3d 1381, 1382–82 (J.P.M.L. 2022) (when parties do not consent to transfer, "significant inefficiencies and obstacles to transfer" under Section 1404 are likely); *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 619 F. Supp. 3d 1349, 1351 (J.P.M.L. 2022) ("Considering the number of involved districts, the wholesale absence of any transfer activity, and the potential tag-along actions, we find that transfer under Section 1404 or the first-to-file rule does not provide a reasonable prospect for eliminating the multidistrict character of this litigation."); *In re PowerSchool Holding, Inc. and PowerSchool Group LLC Customer Data Sec. Breach Litig.*, 780 F. Supp. 3d 1352, 1354–55 (J.P.M.L. 2025).

Finally, informal coordination of the 29 Related Actions is not likely. Defendants note that the actions pending in the District of New Jersey and the Eastern District of Missouri have been consolidated in their respective courts. Based on those Orders, Defendants argue that centralization and transfer should be denied in favor of informal coordination. But Defendants' cases denying centralization in favor of informal coordination are readily distinguishable. The Panel has denied centralization where only a few actions are pending, involve the same counsel, or where the parties preferred informal consolidation.[4]

---

[4] *See In re Accellion, Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d 1372, 1373–74 (J.P.M.L. 2021) (denying centralization because most parties opposed centralization and agreed to cooperate); *In Re Blue Spike LLC, Patent Litig.*, 278 F. Supp. 3d 1379, 1381 (J.P.M.L. 2017) (parties represented "that they would work together"); *In re Xytex Corp. Sperm Donor Products Liab. Litig.*, 223 F. Supp. 3d 1351, 1353 (J.P.M.L. 2016) (same); *In re: Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011) ("all responding parties represented that they were amenable to Section 1404(a) transfer in the absence of Section 1407 centralization.").

In contrast, the Panel has granted motions under Section 1407 when, as here, there are large numbers of firms involved, which renders informal coordination infeasible.[5] Here, the 29 Related Actions involve at least 30 firms. As such, effective informal coordination would be massively inefficient and nearly impossible in practice.

In sum, the Panel should transfer and centralize the Related Actions in a single district because (1) the cases involve numerous common questions of fact and law, and (2) it will promote the convenience of the parties and witnesses and will promote the just and efficient conduct of this litigation. *See* 28 U.S.C. §1407.

## B. The District of New Jersey is the Most Appropriate Transferee Forum

The District of New Jersey is the most appropriate forum for the centralized litigation of the Related Actions. The Panel must balance numerous factors when selecting the most appropriate transferee venue, which depends on the specific facts and circumstances of the particular litigation involved. The factors include the number of related actions pending in the district, the experience of the judge with the legal issues, the location of the documents and witnesses, the location of the common parties, and the convenience of the forum. *See* Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214 (1977); Annotated Manual of Complex Litigation (4th), Chapter 20 (2010). Here, a balancing of the relevant factors heavily favors transfer to and centralization in the District of New Jersey.

---

[5] *See In re 23andMe, Inc. Customer Data Sec. Breach Litig.*, 730 F. Supp. 3d 1352, 1353 (J.P.M.L. 2024) ("We are not persuaded that informal cooperation among the parties would be feasible. All actions are putative nationwide or statewide class actions involving overlapping classes, and over four dozen plaintiffs' firms are involved."); *In re FTX Cryptocurrency Exch. Collapse Litig.*, 677 F. Supp. 3d 1379, 1381 (J.P.M.L. 2023) ("the large number of plaintiffs' and defense counsel will pose serious obstacles to informal coordination"); *In re Daily Fantasy Sports Mktg. & Sales Practices Litig.*, 158 F. Supp. 3d 1375, 1379 (J.P.M.L. 2016) ("informal coordination or cooperation among the parties and courts with respect to common discovery or pretrial motions[] are less practicable given the large number of actions and courts").

The largest number of Related Actions have been, and continue to be, filed in the District of New Jersey. *See MOVEit*, 699 F. Supp. 3d at 1407 (transferring cases to the District of Massachusetts because, inter alia, "[m]ore cases are pending in this district than in any other district"). Further, this Panel has repeatedly found that the judges in the District of New Jersey—including, specifically, Judge Arleo, before whom the consolidated New Jersey actions are pending—are experienced judges who have the proven ability to oversee multidistrict proceedings. *See In re American Medical Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1354 (J.P.M.L. 2019) (granting the motion for centralization and assigning the actions to Judge Arleo in the District of New Jersey); *In re Samsung Customer Data Sec. Breach Litig.*, 655 F. Supp. 3d 1368, 1369 (J.P.M.L. 2023) (granting the motion for centralization and assigning the actions to Judge O'Hearn in the District of New Jersey).

Defendants attempt to hide the connections to New Jersey by claiming that Cognizant is a distant parent company, and that Plaintiffs would need to pierce the corporate veil to reach it. Not so. Cognizant is deeply and directly involved in the design of the TriZetto products. Cognizant acquired TriZetto in 2014 to create a "fully-integrated healthcare technology" provider.[6] Following the acquisition, TriZetto's employees and executive became employees of Cognizant.[7] TriZetto is a separate entity in name only; Cognizant publicly represents that the TriZetto products are designed, offered, and managed by Cognizant itself—referring to the TriZetto products as "Cognizant's TriZetto" products.[8] Indeed, even TriZetto's website directs physicians to contact

---

[6] *Cognizant to Acquire TriZetto, Creating a Fully-Integrated Healthcare Technology and Operations Leader*, COGNIZANT (Sept. 15, 2014) https://news.cognizant.com/2014-09-15-Cognizant-to-Acquire-TriZetto-Creating-a-Fully-Integrated-Healthcare-Technology-and-Operations-Leader.

[7] *Id.* ("TriZetto and its 3,700 employees will be a part of Cognizant's existing healthcare business").

[8] *See, e.g.*, *Cognizant – TriZetto Elements Suite*, COGNIZANT, https://www.cognizant.com/en_us/trizetto/documents/trizetto-elements-suite-data-sheet.pdf (last viewed Apr. 14, 2026) (describing the product as "Cognizant's TriZetto Elements Suite"); *TriZetto Healthcare Administration Solutions*, COGNIZANT, https://www.cognizant.com/us/en/industries/healthcare-

Cognizant for customer support.[9] Because of Cognizant's direct control and management of its TriZetto products, Cognizant is the primary Defendant, and the key witnesses and documents relative to the Data Breach likely reside in and can be found at Cognizant's principal place of business in New Jersey. *See In re Samsung Customer Data Sec. Breach Litig.*, 655 F. Supp. 3d 1368, 1369 (J.P.M.L. 2023) (transferring related actions to the District of New Jersey because "Defendant has its headquarters in New Jersey, where common witnesses and other evidence likely will be found."). Defendants make bare assertions based on TriZetto being a separate legal entity that do not adequately counter that Cognizant is the primary defendant due to its direct involvement in the circumstances giving rise to Plaintiffs' claims.

The Panel should likewise disregard Cognizant and TriZetto's arguments against the District of New Jersey. First, Defendants repeatedly argue that *Niessing* was the first-filed action, ignoring that it was filed a single business day before *Burge*. Second, Defendants attempt to downplay the importance of the continuing filing of Related Actions in the District of New Jersey as "strategic" "gamesmanship" but ignore that none of the later filed actions were filed by counsel for Plaintiff-Movants. Instead, the later-filed Related Actions were filed because the District of New Jersey is the home forum of Cognizant, the principal Defendant in the action. And third, Defendants incorrectly claim that the consolidated action in the Eastern District of Missouri is the "most advanced" action, ignoring that consolidation of the actions in the District of New Jersey

---

technology-solutions/trizetto (last viewed Apr. 14, 2026) (concerning "Cognizant's TriZetto healthcare products and services"); *Cognizant—TriZetto Government Programs*, COGNIZANT, https://www.cognizant.com/en_us/trizetto/documents/government-programs-ebook.pdf (last viewed Apr. 14, 2026) (detailing "Cognizant's TriZetto Healthcare Products" for governments).

[9] *Contact Us*, TRIZETTO PROVIDER SOLUTIONS, https://www.trizettoprovider.com/contact-us (last visited Apr. 14, 2026) (directing physician practices to contact "physiciansupport@cognizant.com" for customer support).

occurred prior to consolidation in the Eastern District of Missouri, and that no consolidated pleadings have been filed in the cases in either District.

Accordingly, Plaintiff-Movants respectfully request that the Panel grant their Motion and transfer the Related Actions and any subsequently filed action arising out of the Data Breach to the District of New Jersey for centralized, consolidated pretrial proceedings.

Dated: April 15, 2026

Respectfully submitted,

*/s/ Nickolas J. Hagman*
Bryan L. Clobes
Nickolas J. Hagman
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
bclobes@caffertyclobes.com
nhagman@caffertyclobes.com

*Counsel for Plaintiff-Movants Gayle Burge, Ana Lamaire, Natanya Pope, and Norberto Claudio*